J-S30032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENE LAMONT DAVIS | |
| Appellant | No. 1440 EDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009685-2014

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JUNE 20, 2016**

Appellant Eugene Lamont Davis appeals the order entered April 13, 2015 in the Philadelphia County Court of Common Pleas denying his motion to dismiss pursuant to 18 Pa.C.S. § 110 ("Motion to Dismiss"). After careful review, we affirm.

The trial court set forth the straight-forward facts and procedural history underlying this matter as follows:

> On March 22, 2014, Philadelphia Police Officers Christopher Sweeney and Metzger (first name not given), in a marked patrol vehicle, observed [Appellant] driving a vehicle with tinted windows at a high rate of speed and disregarding a stop sign. The officers attempted to stop [Appellant's] vehicle by operating their lights and sirens. [Appellant] allegedly failed to pull over for several blocks. During the pursuit, [Appellant] allegedly sped through two steady red lights and two additional stop signs, causing another vehicle to swerve out of the way. [Appellant] was arrested and was charged with driving under the influence (75 Pa.C.S. § 3802), fleeing and eluding police (18 Pa.C.S. § 3733), and recklessly endangering another person (18 Pa.C.S. §

2705). [Appellant] was also issued traffic citations under the Motor Vehicle Code.[1]

> [1] – [Appellant] received four citations for driving without a license [], reckless driving [], disregarding a red signal [], and illegal sunscreen [].

> On May 23, 2014, [Appellant] was found guilty *in absentia* on all four traffic offenses before the Honorable Robert A. Saracen in Municipal Court – Traffic Division. The DUI charge was listed in the Criminal Division of Municipal Court for disposition. A preliminary hearing was held before the Honorable Roger F. Gordon and [Appellant] was bound over for trial on all charges. On January 4, 2015, [Appellant] filed a Motion to Dismiss pursuant to 18 Pa.C.S. § 110. On April 13, 2015, this court denied [Appellant's] Motion to Dismiss. [Appellant] filed a Notice of Appeal on May 12, 2015. A Statement of Matters Complained of on Appeal pursuant to Rule 1925(B) was not ordered.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed August 19, 2015 ("1925(a) Opinion"), pp. 1-2 (some footnotes omitted).

Appellant raises the following claim for our review:

> Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 in that: (i) [Appellant] was found guilty in Philadelphia Municipal Court's Traffic Division on four traffic citations; (ii) the Traffic Division prosecutions were based upon the same criminal conduct and/or [a]rose from the same criminal episode as the instant criminal charges; (iii) the Commonwealth was aware of the instant charges before the commencement of the trial on the former charges; and, (iv) these instant charges occurred within the same judicial district as the former prosecutions in the Philadelphia Municipal Court's Traffic Division?

Appellant's Brief, p. 3.

A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law reviewed under a *de novo* standard of review and a plenary scope of review. ***Commonwealth v. Fithian***, 961 A.2d 66, 71 n.4

- 2 -

(Pa.2008); *see also Commonwealth v. Barber*, 940 A.2d 369, 376 (Pa.Super.2007).

Appellant claims the trial court erred by denying his Motion to Dismiss. Appellant's Brief, pp. 7-16. Specifically, he claims 18 Pa.C.S. § 110 requires joinder of all charges involved in the same transaction, and that the Commonwealth's failure to prosecute his DUI charges at the same time and in the same court where he was convicted of summary traffic offenses requires dismissal of the DUI charge. *Id.* He is incorrect.

The Crimes Code provides, in relevant part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110. As our Supreme Court has explained:

Section 110(1)(ii) . . . contains four requirements which, if met, preclude a subsequent prosecution due to a former prosecution for a different offense:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa.2008) (internal citation omitted). "The policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation." *Commonwealth v. George*, 38 A.3d 893, 896 (Pa.Super.2012).

"[T]he Supreme Court of Pennsylvania has [] stated unequivocally that the compulsory joinder requirement of 18 Pa.C.S.[] § 110 is inapplicable where . . . the offense first prosecuted was a summary one." *Commonwealth v. Barber*, 940 A.2d 369, 379 (Pa.Super.2007) (quoting *Commonwealth v. Caufman*, 662 A.2d 1050, 1051 (Pa.1995)); *see also Commonwealth v. Taylor*, 522 A.2d 37 (Pa.1987) ("[The Supreme Court's] interpretation of section 110(1)(ii) . . . allows a summary offense to be disposed of prior to the prosecution of a misdemeanor."). This Court has noted that "the Supreme Court of Pennsylvania [has] announced that the

- 4 -

compulsory joinder statute requires all *summary* offenses based on the same conduct to be prosecuted in a single proceeding, not that all offenses, both summary and nonsummary, must be prosecuted in a single proceeding." **Barber**, 940 A.2d at 379 (citing **Commonwealth v. Failor**, 770 A.2d 310, 313 (Pa.2001)) (emphasis in original); **Commonwealth v. Geyer**, 687 A.2d 815, 817 (Pa.1996) (discussing **Commonwealth v. Breitegan**, 456 A.2d 1340, 1341 (Pa.1983) for the proposition that Section 110 does not bar the prosecution of a misdemeanor after a defendant enters a guilty plea to summary traffic citations arising from the same criminal episode).

As the Supreme Court has explained:

> The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed.

**Commonwealth v. Beatty**, 455 A.2d 1194, 1198 (Pa.1983) (footnote and internal citation omitted).

Here, the Commonwealth did not try Appellant separately for multiple summary offenses stemming from the same criminal episode. Instead, Appellant was convicted of multiple summary traffic violations and then was

prosecuted on multiple criminal charges.[1]  As discussed **supra**, Section 110 does not bar such prosecutions, and Appellant's argument to the contrary fails.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016

---

[1] Appellant's first offense DUI charges, the fleeing and eluding police charge, and the recklessly endangering another person charge are all graded as misdemeanors.  **See** 75 Pa.C.S. § 3803; 75 Pa.C.S. § 3733(a.2)(1); 18 Pa.C.S. § 2705.