J-A15034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY GARNETT JORDAN | |
| Appellant | No. 1392 EDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014422-2014

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                               **FILED JULY 18, 2016**

Appellant Gary Garnett Jordan ("Appellant") appeals from the order entered April 13, 2015 in the Philadelphia County Court of Common Pleas denying his Motion to Dismiss with Prejudice Pursuant to 18 Pa.C.S. § 110 ("Motion to Dismiss").  After careful review, we affirm.

The pertinent facts and procedural posture of this matter are as follows.  On November 28, 2013, police arrested Appellant and charged him with driving under the influence ("DUI"),[1] a misdemeanor, and careless driving,[2] a summary offense.  On January 30, 2014, to avoid points on his license, Appellant pleaded guilty in Municipal Court to disregarding a traffic

---

[1] 75 Pa.C.S. § 3802.

[2] 75 Pa.C.S. § 3714.

device.[3]  The DUI charge was listed in the Municipal Court Criminal Division, which conducted a trial on October 1, 2014.  The Municipal Court found Appellant guilty of DUI, and Appellant filed a timely demand for a trial *de novo* in the Court of Common Pleas.

Prior to the trial *de novo*, Appellant filed his Motion to Dismiss, which the trial court denied on April 13, 2015.  Appellant filed a timely notice of appeal on May 7, 2015.[4]  The trial court filed its Pa.R.A.P. 1925(a) opinion on August 19, 2015.[5]

_____

[3] 75 Pa.C.S. § 3111.

[4] This Court has explained that a claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110, although interlocutory, is immediately appealable:

> "It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." *Commonwealth v. Calloway*, [] 675 A.2d 743, 745 n. 1 ([Pa.Super.]1996) (citing *Commonwealth v. Savage*, [] 566 A.2d 272, 275 ([Pa.Super.]1989)).  Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to immediate appeal. *Commonwealth v. Bracalielly*, [] 658 A.2d 755 ([Pa.]1995), and *Commonwealth v. Schmidt*, 919 A.2d 241 (Pa.Super.2007).

*Commonwealth v. Barber*, 940 A.2d 369, 376 (Pa.Super.2007).

[5] The trial court did not order, and Appellant did not file, a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following claim for review:

Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Appellant's Brief, p. 3.

Appellant claims the trial court erred by denying his Motion to Dismiss. **See** Appellant's Brief, pp. 6-15. Specifically, he claims 18 Pa.C.S. § 110 requires joinder of all charges involved in the same transaction, and that the Commonwealth's failure to prosecute his misdemeanor DUI at the same time and in the same court where he pleaded guilty to a summary traffic offense requires dismissal of the DUI charge. **Id.** He is incorrect.

A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law which we review under a *de novo* standard of review and a plenary scope of review. **Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa.2008); **see also Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa.Super.2007).

The Crimes Code provides, in relevant part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

* * * * *

      (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110. As our Supreme Court has explained:

      Section 110(1)(ii) . . . contains four requirements which, if met, preclude a subsequent prosecution due to a former prosecution for a different offense:

      (1) the former prosecution must have resulted in an acquittal or conviction;

      (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

      (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

      (4) the current offense occurred within the same judicial district as the former prosecution.

*Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa.2008) (internal citation omitted). "The policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation." *Commonwealth v. George*, 38 A.3d 893, 896 (Pa.Super.2012).

    "[T]he Supreme Court of Pennsylvania has [] stated unequivocally that the compulsory joinder requirement of 18 Pa.C.S.[] § 110 is inapplicable where . . . the offense first prosecuted was a summary one."

*Commonwealth v. Barber*, 940 A.2d 369, 379 (Pa.Super.2007) (quoting

*Commonwealth v. Caufman*, 662 A.2d 1050, 1051 (Pa.1995)); *see also*

*Commonwealth v. Taylor*, 522 A.2d 37 (Pa.1987) ("[The Supreme

Court's] interpretation of section 110(1)(ii) . . . allows a summary offense to

be disposed of prior to the prosecution of a misdemeanor."). This Court has

noted that "the Supreme Court of Pennsylvania [has] announced that the

compulsory joinder statute requires all *summary* offenses based on the same

conduct to be prosecuted in a single proceeding, not that all offenses, both

summary and nonsummary, must be prosecuted in a single proceeding."

*Barber*, 940 A.2d at 379 (citing *Commonwealth v. Failor*, 770 A.2d 310,

313 (Pa.2001)) (emphasis in original); *Commonwealth v. Geyer*, 687 A.2d

815, 817 (Pa.1996) (discussing *Commonwealth v. Breitegan*, 456 A.2d

1340, 1341 (Pa.1983) for the proposition that Section 110 does not bar the

prosecution of a misdemeanor after a defendant enters a guilty plea to

summary traffic citations arising from the same criminal episode).

As the Supreme Court has explained:

> The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed.

*Commonwealth v. Beatty*, 455 A.2d 1194, 1198 (Pa.1983) (footnote and

internal citation omitted).

Here, Appellant was not tried separately for multiple summary offenses stemming from the same criminal episode. Instead, Appellant pleaded guilty to a summary traffic violation and then was prosecuted for a misdemeanor DUI. Section 110 does not bar such prosecution, and Appellant's argument to the contrary fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2016