**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lawrence STATES, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2005.
Filed Dec. 30, 2005.

Thomas N. Farrell, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: ORIE MELVIN,
McCAFFERY and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Lawrence States appeals from the January 5, 2004, order denying his pretrial motion to dismiss the remaining charges on double jeopardy grounds. States raises one issue, whether double jeopardy, specifically, collateral estoppel, precludes prose-cution on the remaining charges. Upon review, we reverse.

¶ 2 In the early hours of August 5, 2000, a one-vehicle motor accident occurred on Bunola River Road, Forward Township, Allegheny County. Two of the three passengers, David Fine and Joseph Kachurick, died of injuries sustained as a result of the accident. States survived the accident. Following investigation, the Commonwealth filed two criminal complaints against States alleging various charges stemming from the accident. At criminal information No. 200016578, the Commonwealth charged States with committing the crimes of involuntary manslaughter (two counts),[1] homicide by vehicle (two counts),[2] homicide by vehicle while driving under the influence of alcohol (two counts),[3] and accidents involving death or personal injury while not properly licensed (two counts).[4] The Commonwealth charged States by criminal information No. 200017056 of driving under the Influence of alcohol (three counts).[5]

¶ 3 States filed a pretrial motion requesting, *inter alia*, that the accidents involving death or serious injury charges be severed from the remaining charges because of potential jury prejudice emanating from States' lack of a valid driver's license and that the involuntary manslaughter charges be dismissed because of the more specific homicide charges.

¶ 4 Following States' pretrial motion, the trial court granted the motion for severance of the charges of accidents involving death or serious injury and the motion to dismiss the involuntary manslaughter charges. The Commonwealth invoked its

---

1.  18 Pa.C.S.A. § 2501 and § 2504.

2.  75 Pa.C.S.A. § 3732.

3.  75 Pa.C.S.A. § 3735.

4.  75 Pa.C.S.A. § 3742.1.

5.  75 Pa.C.S.A. § 3731(a)(1), (a)(3), and (a)(4).

right to a jury trial. The Commonwealth also agreed to a non-jury trial for the accidents involving death or personal injury while not properly licensed charges to be tried simultaneously with the other charges. The Commonwealth withdrew a driving under the influence of alcohol charge.[6] The case proceeded to a joint jury/bench trial on October 7, 2003.

¶ 5 On October 15, 2003, after the conclusion of the trial, the jury, acting as factfinder, was deadlocked as to homicide by vehicle charges, homicide by vehicle as a result of driving under the influence of alcohol charges, and the driving under the influence of alcohol charges. The jury's deadlock resulted in the trial court declaring a mistrial as to the charges before the jury and then dismissing the jury. The trial court, acting as fact-finder, acquitted States of the accident involving death or personal injury while not properly licensed charges. The judge determined that the Commonwealth failed to prove that States was driving the vehicle when the accident occurred.

¶ 6 On October 24, 2003, States filed a motion to dismiss the remaining charges based upon double jeopardy and 18 Pa. C.S.A. § 110. Argument on States' motion occurred on January 5, 2004. States argued that the trial court's finding of not guilty precluded the Commonwealth from trying States on the remaining charges. He alleged that the trial court's finding that States was not driving the vehicle precluded trial on the remaining charges because each of those charges had as an element States driving the vehicle. States also argued that the trial court failed to consider alternatives in lieu of granting a mistrial. Following the hearing, the trial court denied the motion and declared that the motion was not frivolous. States filed a motion for reconsideration. Subsequent-

ly, the trial court denied this motion. States filed a timely notice of appeal. States filed a concise statement of matters complained of on appeal, although not ordered to do so. States filed a motion for bond pending appeal; the trial court denied this motion. It authored an opinion stating its reasoning for denying States' motion to dismiss.

¶ 7 On appeal, States queries, "Did the trial court err in denying Mr. States' Motion to Dismiss based upon double jeopardy grounds?" Appellant's brief, at 4.

¶ 8 As this appeal presents a pure legal question to this Court, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

▮ ¶ 9 Initially, we will address the appealability of the trial court's order denying States' motion to dismiss. A denial of the motion to dismiss alleging double jeopardy is not a final order and, thus, is not appealable as of right. In *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986), our Supreme Court set forth the rationale for permitting immediate appeals from such orders.

The basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial. **Acquittal upon retrial or belated appellate recognition of a defendant's claim by reversal of a conviction can never adequately protect the defendant's rights. The defendant is deprived of his constitutional right the moment jeopardy attaches a second time. His loss is irreparable; to subject an individual to the expense, trauma and rigors inci-**

6.  75 Pa.C.S.A. § 3731(a)(3).

dent to a criminal prosecution a second time offends the double jeopardy clause. The clause establishes the "right to be free from a second prosecution, not merely a second punishment for the same offense." *Fain v. Duff,* 488 F.2d 218, 224 (5th Cir.1973).

Without immediate appellate review, a defendant will be forced to undergo a new trial, precluding any review of his claim that he should not be tried at all. "Because of the nature of the constitutional right ... asserted, no post-conviction relief, either state or federal, is capable of vindicating [appellant's] interest." *United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034, 1037 (3d. Cir.1975). As Judge Adams observed in *Webb,* "forcing [appellant] to trial would defeat the constitutional right he seeks to preserve." *Id.* at 1039. Exceptional circumstances exist under Pennsylvania law warranting appellate review prior to judgment of sentence.

Therefore, we hold that denial of a pretrial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed twice in jeopardy may be appealed before the new trial is held.

*Brady,* at 340–41, 508 A.2d at 288 (*quoting Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90, 104–05 (1977) (emphasis added; footnote omitted) (plurality opinion)).

■ ¶ 10 The right to take an immediate appeal, however, is not absolute. The *Brady* Court held:

[A]n appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion.

*Brady,* at 346, 508 A.2d at 291.

¶ 11 The trial court conducted a hearing on States' motion to dismiss alleging double jeopardy. The trial court denied the motion and found that the motion was not frivolous, and we agree with this finding. Accordingly, this appeal is properly before this Court.

¶ 12 Turning to the issue on appeal, States argues that double jeopardy protections of the United States and the Pennsylvania Constitutions prevent the Commonwealth from retrying him on the remaining charges.

¶ 13 In the present case, the charges of homicide by vehicle, homicide by vehicle while driving under the influence of alcohol, and driving under the influence of alcohol were submitted to the jury, and the charges of accidents involving death or personal injury while not properly licensed were submitted to the trial court. The jury was hopelessly deadlocked, and the trial court declared a mistrial. The trial court then reviewed the evidence and found that the Commonwealth failed to prove beyond a reasonable doubt that States was driving the vehicle at the time of the accident. Accordingly, the trial court acquitted States of the charges of accidents involving death or personal injury while not properly licensed. States contends that collateral estoppel prevents the Commonwealth from litigating the remaining charges.

■ ¶ 14 The double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense. *See Commonwealth v. Cosnek,* 575 Pa. 411, 414 n. 2, 836 A.2d 871, 873 n. 2 (2003); *Commonwealth v. Buffington,* 574 Pa. 29, 39, 828 A.2d 1024, 1029 (2003).

The prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See Commonwealth v. McCane,* 517 Pa. 489, 499, 539 A.2d 340, 345 (1988) (*citing North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). More specifically, the constitutional right against double jeopardy protects against being sentenced for both a greater and a lesser-included offense, as such a result would punish a defendant· twice for the same conduct. *See Buffington,* at 38–41, 828 A.2d at 1029–31. The constitutional prohibition of double jeopardy also protects the convicted defendant from multiple prosecutions for the same offense, requiring a "single criminal episode" analysis. *See Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569, 571–72 (1981); *see also Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

■■■■ ¶ 15 Included in the double jeopardy protections is the doctrine of collateral estoppel.[7] *See Ashe v. Swenson,* 397 U.S. 436, 437, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (citing *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)); *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371, 1372 (1983). The phrase "collateral estoppel," also known as "issue preclusion," means that when an issue of law, evidentiary fact, or ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit.[8],[9] *See Commonwealth v. Holder,* 569 Pa. 474, 479, 805 A.2d 499, 502 (*citing Ashe,* 397 U.S. at 443, 90 S.Ct. 1189 and RESTATEMENT (SECOND) OF JUDGMENTS, § 27 cmt. c·(1982)). Collateral estoppel does not automatically bar a subsequent prosecution, but rather, it bars redetermination in a second prosecution of those issues *necessarily* determined between the parties in a first proceeding that has become a final judgment. *See Holder,* at 480, 805 A.2d at 502 (*citing Commonwealth v. Smith,* 518 Pa. 15, 26, 540 A.2d 246, 251 (1988)).

■■■■ ¶ 16 Traditionally, Pennsylvania courts have applied collateral estoppel

7. The doctrine of collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy and is applicable to the states *via* the Fourteenth Amendment. *See Commonwealth v. Holder,* 569 Pa. 474, 479, 805 A.2d 499, 502 (2002) (*citing Ashe v. Swenson,* 397 U.S. 436, 437, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371, 1372 (1983)).

8. In the present case, collateral estoppel, as opposed to *res judicata,* is the appropriate term. Collateral estoppel is "issue preclusion," and it prevents relitigation of particular issues, whereas *res judicata* is "claim preclusion," and it prevents relitigation of entire causes of action. *See* RESTATEMENT (SECOND) OF JUDGMENTS, § 27 (1982); Black's Law Dictionary 1306 (6th ed.1990). The Commonwealth is attempting to relitigate charges, *i.e.,* claims, which were not decided by the jury, when an issue of those claims has been decided.

9. In *Holder,* our Supreme Court noted that other jurisdictions have stated that even a determination of "ultimate fact," *i.e.,* the application of law to fact, will not be conclusive in a later action if it only constitutes an "evidentiary fact" in that action. *See* RESTATEMENT (SECOND) OF JUDGMENTS, § 27 cmt. j. Such a formulation is occasionally used to support a refusal to apply collateral estoppel where the refusal could more appropriately be based on dissimilarity between the issues in the two proceedings. *Id.* However, because the line between ultimate and evidentiary facts is often impossible to draw, in *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313, 321 n. 6 (1980) (plurality opinion), our Supreme Court refused to sanction such a formalistic distinction between the two phrases.

only if the following threshold requirements are met: 1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) a final judgment on the specific issue in question was issued in the first action.[10] *See Holder,* at 480, 805 A.2d at 502–03 (*citing Smith,* 518 Pa. 15, 540 A.2d 246; *Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985); *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980) (plurality opinion)). An issue is actually litigated when it is properly raised, submitted for determination, and then actually determined. *See id.,* at 480, 805 A.2d at 503 (*citing* RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. d.). For collateral estoppel purposes, a final judgment includes any prior adjudication of an issue in another action that is sufficiently firm to be accorded conclusive effect. *See id.,* at 480, 805 A.2d at 503 (*citing* RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. g.).

■ ¶ 17 Our threshold question is whether the trial court's finding that States was not the operator of the vehicle at the time of the accident precludes the Commonwealth from continuing its prosecution of States at a second jury trial.

¶ 18 In *Commonwealth v. Harris,* 400 Pa.Super. 12, 582 A.2d 1319 (1990), we held that the double jeopardy clause does not bar retrial of charges on which the jury has been unable to agree unless the jury made findings on one or more other charges that must be interpreted as an acquittal on the offense for which the de-

fendant is being retried. A jury acquitted Harris of robbery but found him guilty of simple assault. It was unable to reach a verdict on the charge of aggravated assault, and the trial court declared a mistrial as to that charge. The Commonwealth attempted to try Harris for aggravated assault. However, he filed a motion to dismiss on the grounds of double jeopardy. The trial court denied the motion, and Harris appealed. On appeal, we applied the above-mentioned rule and found that trial for aggravated assault was not barred as the acquittal of robbery did not necessarily operate as an acquittal of aggravated assault. Robbery involved (a) infliction of serious bodily injury (b) in the course of committing a theft. Aggravated assault did not require infliction of serious bodily injury or a theft; attempted serious bodily injury would suffice. Because neither a theft nor the actual infliction of serious bodily injury was a necessary element of aggravated assault, we found that a retrial for aggravated assault was not barred.

¶ 19 In *Commonwealth v. Wallace,* 411 Pa.Super. 576, 602 A.2d 345 (1992) (Popovich, J., concurs in result and McEwen, J., concurs), we held that collateral estoppel barred prosecution on severed charge following acquittal of related charges. Wallace was charged with attempted homicide, assault, and firearm violations, including carrying a firearm without a license and person not to possess a firearm. Wallace did not want the jury to learn of his previous conviction; accordingly, he requested to have the person not to possess a firearm charge severed and tried separately by

---

**10.** This test was derived from the federal decisions applying the *Ashe* standard. *See, e.g., United States v. Sarno,* 596 F.2d 404, 408 (9th Cir.1979); *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978). In *Hude,* this Court concluded that Article 1, section 10 of the Pennsylvania Constitution is essentially identical to the federal double jeopardy clause and should be interpreted at least coextensively with its federal counterpart. *Hude,* 425 A.2d at 320; *see also Commonwealth v. Klobuchir,* 486 Pa. 241, 254 n. 12, 405 A.2d 881, 887 n. 12 (1979) (Nix, J., Opinion in Support of Affirmance, joined by O'Brien & Larsen, JJ.).

jury. The trial court granted the request, and a jury trial commenced as to all other charges. After hearing the evidence, the jury acquitted Wallace of all charges. Subsequently, the Commonwealth notified Wallace that the remaining charge would be tried. Wallace filed an omnibus motion to dismiss the charge based on collateral estoppel. He contended that the acquittal on the previous charges precluded trial on the remaining charge that arose from the same incident. The trial court denied the motion on the basis that Wallace waived the defense of collateral estoppel by virtue of the granting of the severance request. He appealed. On appeal, Wallace argued that the jury's verdict in the first case precludes trial on the remaining charge because the verdict of the jury represents a factual finding that defeats the viability of the remaining charge. We agreed and held that the acquittal on the attempted homicide, assault, and carrying a weapon without a license charges estopped prosecution on the person not to possess a firearm charge. In order to convict a person of carrying a weapon without a license, the Commonwealth must show that the person (1) carried a weapon and (2) did not have a license to do so. 18 Pa.C.S.A. § 6106. Wallace admitted that he did not have a license. Therefore, the jury must have concluded that Wallace did not possess a weapon. We concluded that the Commonwealth was estopped on the charge of whether Wallace, a person prohibited from possessing a firearm, possessed a weapon because the jury already concluded that Wallace did not possess a weapon. *Wallace*, 602 A.2d at 350 (McEwen, J., concurring with collateral estoppel analysis; Popovich, J. concurs in result).

¶ 20 Similarly, we have a case in which the charges were severed in order to prevent the jury from learning certain facts about the defendant. In the present case, States did not want the jury to learn that he did not have a driver's license. Accordingly, the accidents involving death or personal injury while not properly licensed charges were severed from the other charges, and a trial was conducted in which the two fact-finders would hear the evidence. The jury was unable to render a finding, and the trial court declared a mistrial. The trial court then determined that the Commonwealth failed to establish that States was driving the vehicle and, therefore, acquitted him of the accident involving death or personal injury while not properly licensed charges.

■ ¶ 21 To determine if collateral estoppel applied from a general verdict of acquittal, the court must examine the record from the prior proceeding, *i.e.*, the pleadings, evidence, charges, and other relevant matters, and conclude whether a rational jury could have grounded its verdict on an issue other than the one that the defendant is seeking to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye toward all circumstances. *See Wallace*, 602 A.2d at 350 n. 1 (Popovich, J., concurs in result and McEwen, J., concurs) (*citing Ashe*, 397 U.S. 436, 90 S.Ct. 1189; *Commonwealth v. Schomaker*, 501 Pa. 404, 461 A.2d 1220 (1983)).

¶ 22 The trial court acquitted States of accidents involving death or personal injury while not properly licensed. Specifically, the trial court found that the Commonwealth failed to prove that States was driving the vehicle.[11] Accordingly, the trial court did not issue a general verdict of

---

11. States had conceded that he did not have a proper license; thus, the only element of that the Commonwealth needed to prove was that States was driving the vehicle and caused the accident.

acquittal. Further, applying the rule in *Harris*, the principles of collateral estoppel and double jeopardy prohibit the Commonwealth from trying States on homicide by vehicle, homicide by vehicle caused by violating section 3731, and driving under the influence of alcohol. The crimes of driving under the influence of alcohol, homicide by vehicle, and homicide by vehicle caused by violating section 3731 have driving as an element. However, the trial court has already determined that the Commonwealth failed to prove the common issue of ultimate fact essential to conviction that States was driving the vehicle when the accident occurred. Because the fact-finder determined that the Commonwealth failed to prove an essential element, retrial is barred.[12] *Cf. Wallace*, 602 A.2d 345.

¶ 23 As the fact-finder could not have grounded its verdict on an issue other than whether States was driving the vehicle, we find that double jeopardy, specifically, the doctrine of collateral estoppel, bars retrial.

¶ 24 For the reasons stated above, we reverse the order denying States' motion for dismissal of the remaining charges.

¶ 25 Order reversed.

---

**12.** We find no difference between a jury's finding of acquittal as in *Harris* and a trial court's finding of acquittal as in this case.

Further, this decision has no effect on inconsistent verdicts between the two fact-finders, which are permitted in joint jury/bench trials. *See Commonwealth v. Wharton*, 406 Pa.Super. 430, 594 A.2d 696 (1991). Nor does it matter that a "retrial" after a mistrial is a mere continuation of the first trial. We have concluded that once the accused has been acquitted, the Commonwealth is barred from prosecuting a second time for a related offense having a common issue of ultimate fact essential to conviction which the previous acquittal had determined in the accused's favor. *See, e.g., Harris*, 582 A.2d 1319; *Ashe*, 397 U.S. 436, 90 S.Ct. 1189; *Wallace*, 602 A.2d at 350 (McEwen, J., concurrence).