J-A28031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARUS L. HUNTER, | |
| Appellant | No. 2802 EDA 2016 |

Appeal from the Order August 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007187-2015

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:        **FILED OCTOBER 19, 2017**

Appellant has appealed from the trial court's August 11, 2016 Order,[1] denying in part Appellant's pre-trial Motion to Dismiss the charges arguing the statute of limitations had expired. Because the Order is a non-appealable interlocutory Order, we quash.

The Commonwealth had charged Appellant with Forgery, Unsworn Falsification to Authorities, Tampering with Records or Identification, and Tampering with Public Records or Information in connection with his obtaining

---

[1] We have changed the caption to specify that this is not an appeal from a Judgment of Sentence.

a state identification card in the name of "Conrad Lamar Williams" in 2012.[2]
Appellant filed a Motion to Dismiss, arguing that the statute of limitations had
expired on all of the offenses. The trial court held a hearing on August 11,
2016, at which the Commonwealth conceded Appellant was entitled to relief
on all charges except Forgery. That same day, the trial court granted
Appellant's Motion to Dismiss with respect to all but the Forgery charge.

On August 29, 2016, Appellant filed a *pro se* Notice of Appeal. In his
docketing statement, Appellant alleged the court's Order denying dismissal of
the Forgery charge is appealable under Pa.R.A.P. 311 (Interlocutory Appeals
as of Right). **See** Docketing Statement, filed 9/16/16, at 2. In his Brief,
Appellant baldly asserts that the partial dismissal Order is a "final order" for
which this court's jurisdiction is proper under 42 Pa.C.S. § 762(a)(4)
(pertaining to jurisdiction of the Commonwealth Court). Appellant's Brief at
1.

Contrary to Appellant's unsupported assertions, this is not a final Order,
a collateral Order, or an interlocutory Order appealable as of right. Pursuant
to the Pennsylvania Rules of Appellate Procedure, this is an interlocutory Order
not appealable by statute, rule or case law, and we are constrained to quash

---

[2] 18 Pa.C.S. § 4101; 18 Pa.C.S. § 4904; 18 Pa.C.S. § 4104; and 18 Pa.C.S. § 4911, respectively.

Appellant's appeal. *See* Pa.R.A.P. 311, 312, 313, 341.[3]  Accordingly, the instant appeal is hereby **QUASHED**.

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017

---

[3] There is a narrow exception to the general rule that appeals are not permitted from an interlocutory order where the defendant appeals an order denying a nonfrivolous Motion to Dismiss based on double jeopardy grounds. ***See Commonwealth v. States***, 891 A.2d 737, 740-41 (Pa. Super. 2005) (recognizing this exception and describing how "[t]he basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial.").  Appellant's claim was based on the applicable statute of limitations and, arguably, the sufficiency of the evidence, neither of which qualify under this or any other recognized exception.