# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dewayne W. Moore, : 
               Petitioner : 
                : 
        v. : No. 1568 C.D. 2019
                : Submitted:  April 24, 2020
Pennsylvania Board of : 
Probation and Parole, : 
             Respondent : 


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED:  December 10, 2020**

Petitioner Dewayne W. Moore (Moore) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).[1]  The Board denied Moore's petition for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date following his recommitment as a convicted parole violator.  Moore's counsel, Richard C. Shiptoski, Esquire (Counsel), filed a petition for leave to withdraw as counsel.  Counsel asserts, as expressed in his *Anders*[2] brief, that the issues Moore raises in his petition for review

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

[2] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an
**(Footnote continued on next page…)**

are without merit. For the reasons set forth below, we grant Counsel's petition for leave to withdraw and affirm the Board's order.

In 2012, Moore pleaded guilty to a drug-related crime and was sentenced to serve a 1½- to 6-year prison term with a minimum release date of March 18, 2014, and a maximum release date of September 18, 2018. (Certified Record (C.R.) at 1.) The Board granted Moore parole and released him from confinement on March 18, 2014. (*Id.* at 7.) On February 6, 2017, the Philadelphia Police Department arrested Moore and charged him with resisting arrest and various drug-related offenses arising from an incident that occurred on January 9, 2017. (*Id.* at 12-16.) That same day, the Board issued a warrant to commit and detain Moore. (*Id.* at 11, 17.) Moore waived his right to both a detention hearing and counsel. (*Id.* at 22-23.) By decision dated March 22, 2017, the Board detained Moore pending disposition of the new criminal charges. (*Id.* at 25.)

On July 24, 2018, the Court of Common Pleas of Philadelphia County found Moore guilty of manufacture, delivery, or possession with intent to manufacture or deliver and criminal use of a communication facility and later sentenced him to serve 5 years of probation. (*Id.* at 26-28, 54.) The Board scheduled a parole

---

appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

revocation hearing for August 28, 2018, but Moore thereafter waived his right to both a revocation hearing and counsel. (*Id.* at 26, 33-34.) By decision dated October 2, 2018, the Board recommitted Moore as a convicted parole violator to serve a period of 24 months' backtime. (*Id.* at 59.) The Board gave Moore credit for the time that he was detained solely on the Board's detainer—February 6, 2017, through September 18, 2018,—recalculated Moore's maximum sentence date as August 9, 2021, and calculated Moore's reparole eligibility date as February 6, 2019. (*Id.* at 57, 59.)

Moore filed a petition for administrative relief with the Board, wherein he challenged the Board's recalculation of his maximum sentence date. (*Id.* at 61-66.) Specifically, Moore argued: (1) the Board did not have the authority to extend his judicially imposed maximum sentence, which had expired on September 18, 2018, before the Board rendered its decision to recommit him as a convicted parole violator on October 2, 2018; (2) the Board's extension of his judicially imposed maximum sentence violated the Double Jeopardy, Cruel and Unusual Punishment, Due Process, and Equal Protection Clauses of the United States Constitution and the collateral estoppel doctrine; and (3) the Board improperly failed to provide him with credit for time spent at liberty on parole because the crimes for which he received a new criminal conviction were nonviolent and did not require him to register as a sex offender. (*Id.*) The Board denied Moore's petition for administrative relief, reasoning, in relevant part:

> First, the Board recalculated your max date to August 9, 2021[,] based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board denied you credit for time at liberty on parole in this instance for the reasons outlined in the decision

3

mailed to you on January 9, 2019[,] satisfying *Pittman [v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017)]. The Board advised you of this potential penalty on the parole conditions you signed on March 17, 2014. You also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy. *Young v. [Cmwlth.]*, 409 A.2d 843 (Pa. 1979); *also see Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).

Next, the Board properly recalculated your maximum sentence. You were paroled from a state correctional institution on March 18, 2014[,] with a max date of September 18, 2018[,] leaving you with 1,645 days remaining on your sentence the day you were released. You were arrested on a [B]oard detainer on February 6, 2017[,] for an incident which occurred on or about January 9, 2017[,] and you were arraigned on February 7, 2017[,] by local authorities in Philadelphia County. The record shows that on July 24, 2018[,] you [were found] guilty at Philadelphia County docket number CP-51-CR-0002719-2017, counts 1 and 2. You subsequently waived revocation on August 16, 2018[,] by signing the PBPP72C admitting to the aforementioned conviction. On September 18, 2018, you were sentenced in a Philadelphia County Court of Common Pleas to a new term of probation. Based on these facts, because the term of confinement prior to sentencing exceeded the new term, in this case probation, you are entitled to 589 days of pre-sentence credit from the day the [B]oard lodged its detainer on February 6, 2017[,] until the day of sentencing September 18, 2018. Subtracting 589 days from 1,645 days leaves you with 1,056 days remaining on your sentence. Adding 1,056 days you owe as a convicted parole violator to your September 18, 2018 availability date establishes a recalculated max date of August 9, 2021. Moreover, your petition for credit from February 6, 2017[,] to September 18, 2018[,] is moot because you were entitled to and granted such credit as outlined above and in the PBPP39 of October 2, 2018. To the extent you challenge the new max date of August 9, 2021, your request for relief is denied for the reasons above.

4

(*Id.* at 67-68.) Moore then filed a petition for review with this Court,[3] maintaining the same arguments raised in his petition for administrative relief.

Before evaluating the merits of Moore's challenge, we will first address Counsel's request to withdraw from his representation of Moore. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.4 (Pa. Cmwlth. 2010). In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole and probation matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Moore that he did not commit the crimes for which he received a new criminal conviction, nor does Moore suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Moore has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[4] This case, therefore, is one in which a no-merit letter would have satisfied Counsel's responsibilities in seeking to withdraw from his representation of Moore.

---

[3] By order dated December 5, 2019, this Court granted Moore's application for leave to file his petition for review *nunc pro tunc* and accepted Moore's petition for review as filed.

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

When an attorney files an *Anders* brief "when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer*, 996 A.2d at 42-43. In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel or to submit to the Court a brief of his own raising any arguments that he may believe are meritorious.[5] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, an attorney must include the following descriptive information in the no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's *Anders* brief includes a thorough recitation of the pertinent factual and procedural history in this case, identifies the issues raised in the petition for review, discusses the key factual elements that are pertinent to the issues, and applies the holding of relevant decisions of this Court to the facts. Thus, we conclude that Counsel's *Anders* brief demonstrates adequate compliance with the requirements for a no-merit letter, and we may proceed to consider whether Counsel is correct in asserting that the issues Moore has raised are without merit. As stated above, those issues are: (1) whether the Board had the authority to extend Moore's judicially imposed maximum sentence because such sentence expired before the Board issued

[5] Counsel served Moore with his petition for leave to withdraw as counsel and his *Anders* brief. By order dated January 21, 2020, this Court explained that Moore could obtain substitute counsel to file a brief in support of his petition for review or file a brief on his own behalf. Counsel served Moore with this Court's January 21, 2010 order. Counsel has, therefore, complied with these requirements.

6

its revocation decision; (2) whether the Board violated the Double Jeopardy, Cruel and Unusual Punishment, Due Process, and Equal Protection Clauses of the United States Constitution and/or the collateral estoppel doctrine when it recommitted Moore to serve 24 months' backtime and extended Moore's judicially imposed maximum sentence date from September 18, 2018, to August 9, 2021; and (3) whether the Board erred by failing to provide Moore with credit for time spent at liberty on parole when the crimes for which he received a new criminal conviction were nonviolent and did not require him to register as a sex offender.

In addressing Moore's first issue, we note that it is well settled that the Board has jurisdiction to recommit a parolee after the expiration of his maximum sentence date for crimes committed while he was still on parole. Section 6138(a)(1) of the Code, 61 Pa. C.S. § 6138(a)(1); *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005), *appeal denied*, 902 A.2d 1242 (Pa. 2006). Section 6138(a)(1) of the Code permits the Board to recommit as a convicted parole violator any parolee

> who, *during the period of parole* or while delinquent on parole, *commits a crime punishable by imprisonment*, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record . . . .

(Emphasis added.) The critical issue is not when the parolee was charged with or convicted of a crime or when parole was revoked and the parolee was recommitted, but whether the parolee committed the crime, for which he was ultimately convicted, before his parole ended. *Adams*, 885 A.2d at 1124. Here, the crimes for which Moore was found guilty occurred on January 9, 2017, approximately 20 months prior to the September 18, 2018 expiration of his maximum sentence date. Because the crimes for which Moore was found guilty occurred prior to the expiration of his maximum sentence date, the fact that the Board did not issue its recommitment

7

decision until October 2, 2018, is irrelevant, as the Board had the jurisdiction to do so. *See id.* Accordingly, Moore's argument is without merit.

Moore's next argument is that the Board's extension of his judicially imposed maximum sentence date violated the Double Jeopardy, Cruel and Unusual Punishment, Due Process, and Equal Protection Clauses of the United States Constitution, as well as the collateral estoppel doctrine. This Court has routinely rejected this argument. It is well established that the Double Jeopardy Clause does not apply to administrative proceedings, such as parole revocation proceedings. *Gundy v. Pa. Bd. of Prob. & Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). It is also well established that the Board's recalculation of a parolee's maximum sentence date does not violate the Cruel and Unusual Punishment Clause. *Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363, 367 (Pa. Cmwlth. 2017). In addition, a convicted parole violator is not denied due process or equal protection of the law when his maximum sentence date is recalculated and he is denied credit against his original sentence for the time that he spent at liberty on parole. *Gaito v. Pa. Bd. of Prob. & Parole*, 392 A.2d 343, 345 (Pa. Cmwlth. 1978). For these reasons, Moore's argument lacks merit.[6]

Moore's last argument is that the Board erred by failing to provide him with credit for time spent at liberty on parole because the crimes for which he received a new criminal conviction were nonviolent and did not require him to register as a sex

---

[6] We need not address Moore's argument that the Board's extension of his judicially imposed maximum sentence date violated the collateral estoppel doctrine, because, in the criminal context, the collateral estoppel doctrine is included within the protections of the Double Jeopardy Clause. *See Cmwlth. v. States*, 891 A.2d 737, 742 (Pa. Super. 2005), *aff'd*, 938 A.2d 1016 (Pa. 2007). While we recognize that Pennsylvania Superior Court cases are not binding on this Court, such cases "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

offender. Section 6138(a) of the Code gives the Board discretion to award credit for the time spent at liberty on parole, unless the crime for which the parolee is convicted is a crime of violence or a crime requiring the parolee to register as a sex offender. *See* 61 Pa. C.S. § 6138(a)(1), (2.1)(i). Stated another way, the Board is not required to award credit for the time spent at liberty on parole simply because the crimes for which the parolee is convicted are nonviolent and do not require sex offender registration, but rather, is given the discretion to do so. When deciding not to award such credit, however, the Board must "provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. Accordingly, so long as the Board provides a reason for denying credit for street time, it has sufficiently exercised its discretionary power. In this case, the Board explained its reason for denying Moore credit for his street time by indicating on the revocation hearing report that it denied credit because Moore's "new conviction [was the] same/similar to the original offense." (C.R. at 36.) The Board, therefore, has exercised its discretion pursuant to Section 6138(a) of the Code and satisfied *Pittman* by providing Moore with a contemporaneous written explanation for its denial. Thus, Moore's argument is without merit.

Based on the foregoing, we agree with Counsel that Moore's petition for review lacks merit, and, therefore, we grant Counsel's petition for leave to withdraw as counsel. Moreover, because we have concluded that Moore's appeal lacks merit, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Dewayne W. Moore, :
                Petitioner :
                :
         v. : No. 1568 C.D. 2019
                :
Pennsylvania Board of :
Probation and Parole, :
                Respondent :

## O R D E R

AND NOW, this 10th day of December, 2020, the petition for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is hereby GRANTED, and the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

P. KEVIN BROBSON, Judge