COMMONWEALTH of Pennsylvania,
Appellee

v.

Lewis Curtis BARBER, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 28, 2007.

Filed Dec. 3, 2007.

Reargument Denied Feb. 7, 2008.

Thomas K. Hooper, Duncansville, for appellant.

Andrea F. McKenna, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, DANIELS and JOHNSON, JJ.

OPINION BY DANIELS, J.:

¶ 1 This is an interlocutory appeal from the July 14, 2006 order of the Court of Common Pleas of Perry County, denying Appellant, Lewis C. Barber's pre-trial motion to dismiss the prosecution below. For the following reasons, we affirm the lower court's order, and prescribe that the criminal trial below proceed forthwith.

### FACTS & PROCEDURAL HISTORY

¶ 2 The Pennsylvania State Police began investigating Appellant's dealership, Curtis Ford Mercury, in response to a consumer complaint received in December of 2000. During the months of January and March of 2001, the Pennsylvania State Police issued twenty-four citations to Appellant for

various summary offenses.[1] Appellant appeared before a Magisterial District Judge on January 25, January 31, and April 2, 2001, pled guilty to all twenty-four summary offenses, and paid $2,285.50 in fines and costs.

¶ 3 Thereafter, on May 23 and July 17, 2001, the Commonwealth charged Appellant, by criminal informations, with some seventy-one (71) felony and misdemeanor counts arising out of his vehicle sales activities.[2] On January 22, 2002, Appellant pled *nolo contendere* to all charges, and, on April 22, 2002, he was sentenced to 45 to 120 months of imprisonment and was ordered to pay restitution in an amount to be determined in the future. On April 26, 2002, Appellant moved to modify and reduce his sentence and, on that same date, the court vacated Appellant's sentence pending a hearing to be held in October of 2002. On May 16, 2002, Appellant made an oral motion to withdraw his *nolo contendere* pleas, which the court denied on June 4, 2002. On June 13, 2002, the court again imposed a sentence of 45 to 120 months of imprisonment and the payment of restitution in an amount to be determined in the future. Appellant filed timely post-sentence motions, including a motion to withdraw his earlier *nolo contendere* pleas. A hearing was held on October 25, 2002 to address certain outstanding motions and the amount of restitution. On November 21, 2002, the court denied Appellant's motion to withdraw his pleas of *nolo contendere* and found the amount of restitution to be repaid by Appellant to be in the amount of $548,932.06.

¶ 4 Appellant filed a timely direct appeal to this Court on December 2, 2002, and we affirmed the judgment of sentence. *Commonwealth v. Barber*, 841 A.2d 569 (Pa.Super.2003) (unpublished memorandum). Appellant's application for reargument to this Court was denied in January 2004, and the Supreme Court of Pennsylvania summarily denied Appellant's petition for allowance of appeal on November 4, 2004. *Commonwealth v. Barber*, 580 Pa. 710, 862 A.2d 1253 (2004).

¶ 5 Thereafter, on December 28, 2004, Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 18 Pa.C.S.A. §§ 9541–46, and on June 8, 2005, the PCRA court, concluding that trial counsel had provided Appellant with ineffective assistance by erroneously advis-

---

1. Although there were twenty-four (24) citations, these represented multiple instances of the following four (4) summary offenses:
 1. Twenty-one (21) counts of Failure to file temporary registration documentation within twenty days. 67 Pa.Code § 43.5(f)(1); *see also* 75 Pa.C.S.A. § 6502(b).
 2. One (1) count of Transferor's failure to notarize assignments and warranties of title. 75 Pa.C.S.A § 1111(a).
 3. One (1) count of Dealer's failure to notify Department of Motor Vehicles (DMV) of acquisition of inventory. 75 Pa. C.S.A. § 1113(a).
 4. One (1) count of Dealer's improper use and control of dealer plates. 67 Pa. Code § 54.3(1)-(3); *see also* 75 Pa. C.S.A. § 1336(a).

2. Although there were seventy-one (71) separate counts, these represent multiple instances of four (4) theft and fraudulent business practice crimes related not only to Appellant's sales of vehicles to customers but his acquisition of the vehicles as well:
 1. Fifty-two (52) counts of Theft by Failure to Make Required Disposition of Funds Received. 18 Pa.C.S.A. § 3927(a).
 2. Eleven (11) counts of Bad Checks. 18 Pa.C.S.A. § 4105(a)(1).
 3. Six (6) counts of Deceptive Business Practices. 18 Pa.C.S.A. § 4107(a).
 4. Two (2) counts of Theft by Deception. 18 Pa.C.S.A. § 3922(a)(1).

 Six (6) of the original eleven (11) bad check charges were dismissed on preliminary motions; thus, Appellant will face a total of sixty-five (65) charges at his upcoming trial.

ing Appellant that his *nolo contendere* pleas could be withdrawn at any time, vacated Appellant's sentence and granted Appellant a new trial.

¶ 6 Subsequently, Appellant filed pretrial motions seeking to dismiss his prosecution on the grounds of double jeopardy and compulsory statutory joinder of charges. However, Appellant does not contend that his current trial on the felony and misdemeanor charges is barred by his having been prosecuted on those charges previously, but rather asserts that the current trial is barred by his having been convicted of and punished for the summary offenses to which he previously plead guilty on January 25, January 31, and April 2, 2001. The lower court denied Appellant's motion to dismiss on July 14, 2006. This timely appeal followed.

### PRELIMINARY MATTERS

¶ 7 The Appellant and the Commonwealth dispute precisely what issues are properly before this Court for our consideration on appeal. Accordingly, we shall address those matters at the outset.

¶ 8 In his Concise Statement of Matters Complained of on Appeal filed pursuant to Pa.R.A.P.1925(b), Appellant asserts that because he has already been convicted of and punished for certain summary offenses arising out of the same set of criminal episodes, to prosecute him now on the felony and misdemeanor charges would violate the double jeopardy protections of both the United States and Pennsylvania Constitutions, and would violate the protection from subsequent prosecutions afforded to him by Pennsylvania's compulsory joinder of charges statute, 18 Pa.C.S.A. § 110. The lower court's 1925(a) opinion responded to and rejected both of these contentions of Appellant.1925(a) Opinion, 7/14/06, pp. 3–4.

¶ 9 In his moving brief to this Court, Appellant (1) continues to assert his constitutional double jeopardy argument, (2) does not continue to assert his statutory joinder argument, and (3) seeks to have this Court consider (for the first time on this appeal) his contention that the doctrine of collateral estoppel somehow precludes the Commonwealth from now relitigating any of the elements of the nonsummary offenses that were also elements of the summary offenses (to which he has already pled guilty and for which he has already been punished); Appellant urges that this collateral estoppel doctrine, as applied to his circumstances, is part of double jeopardy jurisprudence. Brief of Appellant, pp. 6, 20–28.

¶ 10 The Commonwealth asserts, to the contrary, that Appellant cannot now challenge his new trial on double jeopardy grounds because Appellant himself secured such new trial by his own efforts in the PCRA proceedings. Brief of Appellee, pp. 5–7. The Commonwealth further contends that Appellant has abandoned his statutory joinder argument by omitting it from his moving brief to this Court, and that Appellant is now seeking to assert a new collateral estoppel argument that did not appear in his 1925(b) Statement. Consequently, the Commonwealth urges that both the compulsory statutory joinder and collateral estoppel issue that Appellant now seeks this Court to review on this appeal should be deemed to have been waived. Brief of Appellee, pp. 7–8.

¶ 11 In his reply brief, Appellant asserts that the statutory joinder issue is not waived on appeal because it is not yet ripe for resolution, in that Pennsylvania appellate case law permits, but does not require, an interlocutory appeal from an order denying dismissal on statutory joinder grounds. Reply Brief of Appellant, pp. 3–

4. Expressly recognizing that this Court might, nevertheless, reach the merits of the statutory joinder issue, Appellant does present his statutory argument in his reply brief. Reply Brief of Appellant, pp. 4–6.

## MATTERS TO BE CONSIDERED ON APPEAL

¶ 12 We shall first address the preliminary matters referenced above in order to determine which issues are properly before this Court on appeal.

### A. *Double Jeopardy*

¶ 13 There is very extensive and long-standing appellate court authority in this Commonwealth which clearly recognizes that an appellant who has secured a new trial on his own motion, whether on direct appeal or on collateral review, may generally not be heard to assert that the new trial so secured is barred by constitutional protections against double jeopardy. *E.g., Commonwealth v. Thomas,* 448 Pa. 42, 292 A.2d 352, 355 (1972); *Commonwealth v. Constant,* 925 A.2d 810 (Pa.Super.2007); *Commonwealth v. Einhorn,* 911 A.2d 960 (Pa.Super.2006). This rule has been applied where appellants argue that a previous prosecution *for the same offense or offenses* is the source of the alleged double jeopardy. *See, e.g., Constant, supra.* Such an interpretation is consistent with the constitutional sources of protection from double jeopardy. U.S. Const. amend. V ("nor shall any person be subject *for the same offence* to be twice put in jeopardy of life or limb") (Emphasis Added); Pa. Const. art. I, § 10 ("No person shall, *for the same offense,* be twice put in jeopardy of life or limb") (Emphasis Added).

¶ 14 Here, Appellant does not assert that his upcoming second prosecution on the felony and misdemeanor charges is barred by his having been previously convicted of those charges after pleading *nolo contendere* in a previous proceeding. Rather, Appellant asserts that his imminent trial on the *nonsummary* felony and misdemeanor charges is barred, under constitutional double jeopardy principles, because of his having previously been convicted of and punished for the *summary* offenses. Brief of Appellant, pp. 6, 21–22. This Court declines to extend the existing case law regarding new trials secured by one's own efforts beyond its existing constitutional roots. Nevertheless, we shall consider the merits of Appellant's constitutional double jeopardy claim on this appeal.

### B. *Compulsory Statutory Joinder*

¶ 15 This Court does not agree with Appellant's contention that the compulsory statutory joinder issue is not ripe for judicial resolution, regardless of whether that contention was motivated by a desire to excuse its being omitted from Appellant's moving brief, or by some tactical desire of Appellant to preserve that issue for some future prolongation of this already lengthy litigation. Further delay should not be either encouraged or tolerated in this matter.

¶ 16 A matter is ripe for adjudication if "the harm asserted has matured sufficiently to warrant judicial intervention." *Town of McCandless v. McCandless Police Officers Ass'n,* 587 Pa. 525, 543, 901 A.2d 991, 1002 (2006) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). In determining whether a matter is ripe for judicial resolution, Pennsylvania courts will examine whether the issues have been sufficiently developed for judicial review and what hardship the parties will suffer if review is delayed. *Treski v. Kemper Nat'l Ins. Co.,* 449 Pa.Super. 620, 674 A.2d 1106 (1996).

¶ 17 Here, the potential hardship that will be suffered if review is delayed is obviously the time and expense of holding a criminal trial that might later be determined to have been barred by the compulsory joinder statute, 18 Pa.C.S.A. § 110. Indeed, the Supreme Court of Pennsylvania has expressly recognized that this is precisely the type of harm that the compulsory joinder of charges statute seeks to prevent. *See Commonwealth v. Failor*, 564 Pa. 642, 770 A.2d 310 (2001). For, if the compulsory joinder statute bars the Commonwealth from now prosecuting Appellant for the felonies and misdemeanors charged, such trial will be forever barred and the prosecution should not go forward. Thus, it is here and now, at the pre-trial stage of these proceedings, that this question must be addressed and answered by this Court, if that potential harm is to be avoided. *See, e.g., Commonwealth v. Schmidt*, 919 A.2d 241 (Pa.Super.2007). Although Appellant would seem to have abandoned this issue on appeal by omitting it from his moving brief to this Court, since Appellant included this matter in his 1925(b) Statement and addresses this issue in his reply brief, and since the court below fully considered this issue in its opinion below filed pursuant to Pa.R.A.P. 1925(a), we shall address the compulsory statutory joinder issue in this Opinion in order to avoid any further delay of these proceedings.

## C. *Collateral Estoppel*

¶ 18 Appellant's collateral estoppel argument is not properly before this Court. As the Commonwealth asserts in its brief, Appellant did not include such issue in his 1925(b) Statement. Brief of Appellee, pp. 7–8. Consequently, the Commonwealth urges that such issue should be deemed to have been waived. *See, e.g., Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002). Appellant contends, however, that collateral estoppel is "[i]ncluded in the double jeopardy protections", and double jeopardy protection was certainly articulated in his 1925(b) Statement below.

¶ 19 Double jeopardy analysis may include the application of collateral estoppel principles. As the Supreme Court of Pennsylvania instructed in *Commonwealth v. Buffington*, 574 Pa. 29, 828 A.2d 1024 (2003):

> Double jeopardy encompasses elements of issue preclusion (or collateral estoppel) ... When a straightforward application of the doctrine of collateral estoppel leads to the conclusion that the jury found that the defendant was not one of the criminals involved in the alleged crime, a second prosecution for crimes arising out of the same event is wholly impermissible.... The analysis involves an assessment distinct from the elemental, *Blockburger*-variety inquiry undertaken above.... The party seeking to invoke preclusion principles, however, bears the burden of establishing that the issue he seeks to foreclose from consideration in a subsequent prosecution was necessarily resolved in his favor in the prior proceeding.

574 Pa. at 43–44, 828 A.2d at 1032–33. (Internal Quotations and Citations Omitted).

¶ 20 Nevertheless, to preserve an issue for appellate review, an appellant's 1925(b) Statement must be sufficiently detailed so as to have enabled the court below here to analyze the legal issue or issues in the first instance. *Commonwealth v. Reeves*, 907 A.2d 1 (Pa.Super.2006). Here, Appellant's 1925(b) Statement recites merely "Constitutional protection against double jeopardy", with no mention of the collateral estoppel aspect of double jeopardy jurisprudence that

Appellant now wishes this Court to consider on appeal. Moreover, even in his brief to this Court, Appellant speaks only in broad generalities about groups of offenses and "numerous elements". He fails to include even a single specific averment that any particular element of any particular count of any particular felony or misdemeanor is precluded from being relitigated because the same specific issue had been previously and necessarily decided in Appellant's favor in the prior proceedings on the summary offenses. Brief of Appellant, pp. 24–25. *See Buffington, supra.* Since the trial court below has had no opportunity to consider whether any issue of fact or law in this case is precluded from being relitigated by the doctrine of collateral estoppel, such issue is deemed to have been waived and will not be considered in this appeal.[3] *See Reeves, supra* at 3.

¶ 21 In conclusion, the only matters properly before this Court in this appeal are (a) whether Appellant's upcoming trial is barred by constitutional double jeopardy protections, and (b) whether Appellant's upcoming trial is barred by Pennsylvania's compulsory joinder of charges statute, 18 Pa.C.S.A. § 110.

### JURISDICTION & STANDARD OF REVIEW

¶ 22 "It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." *Commonwealth v. Calloway*, 450 Pa.Super. 227, 675 A.2d 743, 745 n. 1 (1996) (citing *Commonwealth v. Savage*, 388 Pa.Super. 561, 566 A.2d 272, 275 (1989)). Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to immediate appeal. *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995), and *Commonwealth v. Schmidt*, 919 A.2d 241 (Pa.Super.2007). Since the constitutional and statutory claims asserted here are both purely matters of law, our scope of review is plenary. *Commonwealth v. Hockenbury*, 549 Pa. 527, 701 A.2d 1334, 1336 n. 3 (1997).

### DISCUSSION

¶ 23 We now proceed to consider the merits of those two claims which we have identified as being properly before this Court on this appeal.

### A. Double Jeopardy

¶ 24 Appellant contends that constitutional double jeopardy principles prohibit the Commonwealth from prosecuting him for the felony and misdemeanor charges he now faces because (although the summary offenses to which he previously pled guilty and for which he has

---

**3.** The two cases upon which Appellant relies in support of his collateral estoppel argument are inapposite in that one is factually and procedurally distinguishable from the Appellant's case and the other relies on law other than constitutional double jeopardy. *See Commonwealth v. States*, 891 A.2d 737 (Pa.Super.2005) (subsequent prosecution on homicide by vehicle charge barred where Commonwealth failed to prove in previous summary proceeding that defendant was actually driving the vehicle), *appeal granted*, 590 Pa. 677, 912 A.2d 1292 (2006); *Commonwealth v. Pachipko*, 450 Pa.Super. 677, 677 A.2d 1247 (1996) (nonsummary count erroneously dismissed in preliminary proceedings barred from subsequent prosecution by compulsory joinder statute).

Both the Commonwealth and Appellant remain entirely free to invoke collateral estoppel principles at Appellant's upcoming trial, but those are matters that must be addressed by the trial court, and we may not prematurely consider those issues in this appeal.

already been punished are not the same or lesser included offenses of the current non-summary charges) all such charges arose out of the same course of conduct. Brief of Appellant, pp. 24–26. Upon our careful analysis of the scope and breadth of double jeopardy protection, we find Appellant's reasoning in that regard to be factually flawed.

 ¶ 25 "The double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense." *Commonwealth v. States*, 891 A.2d 737 (Pa.Super.2005) (citing *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871 (2003), and *Buffington, supra*). Simply stated, if each of two crimes requires proof of an element that the other does not, the crimes are not the same offense for double jeopardy purposes. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[4] Similarly, if all essential elements of one crime are also essential elements of a second crime, and if such second crime also requires proof of elements that the first does not, then the first is a lesser included offense of the second, and although a defendant may be tried and convicted of both, separate punishments may not be imposed for each such conviction. *Buffington, supra; see also Commonwealth v. Caufman*, 541 Pa. 299, 662 A.2d 1050 (1995), and *Commonwealth v. Townley*, 722 A.2d 1098 (Pa.Super.1998).

¶ 26 The so-called "same conduct" test for double jeopardy, as announced by the Supreme Court of the United States in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and which broadened double jeopardy protection to embrace offenses arising out of the same course of conduct regardless of whether they were the "same offense" under *Blockburger*, was expressly overruled by that Court in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), wherein it was stated:

> We have concluded, however, that *Grady* must be overruled. Unlike *Blockburger* analysis, whose definition of what prevents two crimes from being the "same offence," U.S. Const., Amdt. 5, has deep historical roots and has been accepted in numerous precedents of this Court, *Grady* lacks constitutional roots. The "same-conduct" rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.

*Id.* at 704, 113 S.Ct. 2849.

¶ 27 The Supreme Court of Pennsylvania, in *Caufman, supra*, has expressly adopted and applied *Dixon*, amplifying the proposition that the prohibition against double jeopardy under the state and federal constitutions remains coextensive pursuant to the dictates of *Dixon*, and that no "same conduct" test for constitutional double jeopardy survives in this Commonwealth. *See Caufman, supra*, 541 Pa. at 303–04, 662 A.2d at 1052.

¶ 28 Although Appellant is correct that the United States Supreme Court observed in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), that the *Blockburger* test is a rule of statutory construction that does not bind state supreme courts, Appellant over-

---

4. The Supreme Court of the United States articulated that rule in *Blockburger* as follows:
 The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
 *Blockburger, supra* at 304, 52 S.Ct. 180.

states the impact of that statement on the law of this Commonwealth when he asserts that the Pennsylvania Supreme Court abandoned the *Blockburger* test in *Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991). Such is clearly not the case. In *Burkhardt* (a "*Grady*-era" case) the Supreme Court of Pennsylvania simply confirmed that even under the "short-lived" double jeopardy concept as expressed in *Grady*, the decision to impose consecutive sentences for *separate offenses* still remained within the sound discretion of the sentencing court. *Burkhardt*, 526 Pa. at 347, 586 A.2d at 378. None of the Supreme Court of Pennsylvania's expressions in *Burkhardt* with regard to the then-difficult state of double jeopardy jurisprudence either explicitly stated, or even implied, that the test in Pennsylvania as to whether multiple formulations of prohibited conduct are the "same offense" for double jeopardy purposes had changed. *Id.* Indeed, Pennsylvania cases since the overruling of *Grady* by the Supreme Court of the United States make it abundantly clear that "elemental, *Blockburger*-variety inquiry" remains the touchstone for analyzing whether offenses are the same, and for determining whether one offense is wholly included within another in this Commonwealth. *See, e.g., Buffington, supra; Caufman, supra; States, supra.*

¶ 29 Having identified and clarified the analysis to be performed in reviewing a claim seeking constitutional protection from double jeopardy, we now apply that standard to the facts of this case. Here, the twenty-four summary offenses to which Appellant has already pled guilty and for which Appellant has already been punished are multiple instances of just four **summary offenses.** Similarly, the felony and misdemeanor counts with which Appellant is currently charged are multiple instances of just four **nonsummary offenses.** We have carefully studied and compared the definitions of each of these eight crimes. Since each of the four summary offenses requires proof of at least one element not appearing in any of the nonsummary offenses, and *vice versa*, none of the summary offenses to which Appellant previously pled guilty are, either technically or actually, the "same offense" as any of the nonsummary offenses for which Appellant is now being prosecuted. Moreover, none of the summary offenses for which Appellant has been punished in the past are lesser included offenses of the crimes for which Appellant is now being prosecuted.

¶ 30 Appellant's argument that the double jeopardy doctrine prohibits his being prosecuted or punished for crimes that, while not the same offenses as the summary offenses to which he previously pled guilty and for which he has already been fined, arose out of the same course of conduct or criminal episodes is clearly either a misguided attempt to resurrect the concept of the long-rejected *Grady* pronouncement, or an equally misguided attempt to conflate constitutional double jeopardy protection with the additional protection provided by the compulsory joinder of charges statute, 18 Pa.C.S.A. § 110. Either way, such argument is rejected for it does not pass "constitutional muster".

¶ 31 Since none of the summary offenses to which Appellant previously pled guilty, and for which Appellant has already been punished by the payment of fines, are the same offenses or lesser included offenses of those nonsummary offenses with which Appellant is presently charged, and since Pennsylvania has expressly abrogated the "same conduct" expansion of double jeopardy protection, the Commonwealth is not barred by constitutional double jeopardy principles from prosecuting Appellant for the currently pending nonsummary

charges. Nor is the Commonwealth precluded from punishing Appellant separately for those offenses, if he is convicted. *See Caufman, supra.*

### B. *Compulsory Statutory Joinder*

■■ ¶ 32 The pertinent portion of Pennsylvania's compulsory joinder of charges statute, 18 Pa.C.S.A. § 110,[5] stated at the time relevant to the facts of this case [6] as follows:

> § 110. When prosecution barred by former prosecution for different offense
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, *it is barred by such former prosecution under the following circumstances:*
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:
>
> . . .
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and was within the jurisdiction of a single court** unless the court ordered a separate trial of the charge of such offense; . . .

18 Pa.C.S.A. § 110(1)(ii) (2001) (amended effective August 27, 2002) (Emphasis Added).

¶ 33 The Supreme Court of Pennsylvania has opined that the Magisterial District Courts and the Courts of Common Pleas are not "a single court" as that phrase was used in the version of 18 Pa.C.S.A. § 110(1)(ii) that is applicable to the case at Bar.[7] *Commonwealth v. Geyer,* 546 Pa. 586, 687 A.2d 815 (1996), and *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983). Indeed, the Supreme Court of Pennsylvania has also stated unequivocally that the compulsory joinder requirement of 18 Pa.C.S.A. § 110 is "inapplicable where, as here, the offense first prosecuted was a summary one." *See Caufman,* 541 Pa. at 301, 662 A.2d at 1051. Appellant relies upon *Failor, supra* in support of his position to the contrary, but in *Failor* the Supreme Court of Pennsylvania simply announced that the compulsory joinder statute requires all *summary* offenses based on the same conduct to be prosecuted in a single proceeding, not that all offenses, both summary and nonsummary, must be prosecuted in a single proceeding. *See Failor,* 564 Pa. at 647, 770 A.2d at 313.

¶ 34 In the instant case, it is undisputed that the original coordinate jurisdiction for the prosecution of the summary offenses was within the jurisdiction of the Magisterial District Court, but that original jurisdiction over the prosecution of the cur-

---

**5.** Section 110 is often characterized as requiring joinder of charges in that it requires the Commonwealth, where possible, to prosecute in a single proceeding all crimes alleged to have occurred by the same criminal conduct.

**6.** The General Assembly amended *18 Pa. C.S.A.* § 110(1)(ii), effective August 27, 2002, by replacing the phrase "was within the jurisdiction of a single court" (which is the applicable terminology here) with the language "occurred within the same judicial district as

the former prosecution". Act 2002–82. The question of whether the amended language would bar Appellant's subsequent prosecution for the nonsummary offenses here is not before this Court; thus, we need not decide this question, and we neither accept nor reject the lower court's dicta on this issue in its opinion below.

**7.** See footnote 6, *supra.*

rently pending nonsummary offenses is *exclusively* in the Court of Common Pleas of Perry County. *See Beatty, supra.* As such, the Commonwealth is not barred, under the terms of 18 Pa.C.S.A. § 110 that were in effect at the relevant time involved herein, from prosecuting Appellant on the nonsummary felony and misdemeanor charges that are still outstanding.

### CONCLUSION

¶ 35 Neither the constitutional protection from double jeopardy, nor the statutory protection of Compulsory Joinder, under that version of 18 Pa.C.S.A. § 110 that was in force at the relevant time involved herein, prohibit the Commonwealth from continuing the prosecution of Appellant in the criminal proceedings of the nonsummary offenses presently pending below.

¶ 36 Order affirmed.

¶ 37 LALLY–GREEN, J., CONCURS IN RESULT.