J-S93036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERNANDO HERNANDEZ, | |
| Appellant | No. 3143 EDA 2015 |

Appeal from the Order October 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0047176-2012

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED SEPTEMBER 28, 2017**

In this interlocutory appeal, Appellant, Bernando Hernandez, appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his petition for a writ of *certiorari*, thus denying his motion to dismiss a misdemeanor charge of driving under the influence (DUI) in Philadelphia Municipal Court.[1]  Appellant maintains that pursuant to 18 Pa.C.S.A. § 110(1)(ii), (the compulsory joinder rule), prosecution on the DUI

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the notice of appeal, Appellant purports to appeal from the denial of the motion to dismiss in Municipal Court.  As the docket confirms, and Appellant acknowledges in his brief, (**see** Appellant's Brief, at 6), he actually appeals from the denial of his petition for a writ of *certiorari* in Common Pleas Court. We have amended the caption accordingly.

charge is barred by his previous conviction (*in absentia*), of two related Vehicle Code summary offenses.[2]  We affirm.

Philadelphia police arrested Appellant on November 18, 2012, after they observed him driving in the middle of two lanes and hitting a curb as he pulled into a parking lot.  The officers arrested Appellant and the Commonwealth charged him with DUI, 75 Pa.C.S.A. § 3802(a)(1), careless driving, 75 Pa.C.S.A. § 3714(a), and drivers required to be licensed, 75 Pa.C.S.A. § 1501.  There is no dispute that after he failed to appear, Appellant was convicted *in absentia* of the two summary offenses, on January 23, 2013.

On September 17, 2015, at the preliminary hearing in Municipal Court, Appellant moved to dismiss the DUI charge as barred by section 110, because of the previous prosecutions.  The court denied the motion.

---

[2] In pertinent part, section 110 bars prosecution for:

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

Appellant filed a petition for a writ of *certiorari* in Common Pleas Court. The court denied it. This interlocutory appeal followed.[3]

Appellant raises one question for our review:

> Did not the [trial] court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa. C.S. § 110(a)(1)(ii) where [A]ppellant had previously been convicted of offenses which arose from the same criminal episode in the same judicial district as the offense in the instant case?

(Appellant's Brief, at 3).

Appellant argues that the DUI charge arises out of the same criminal episode as his previous conviction for the two summary offenses. He raises a myriad of inter-related claims, including citation to legislative history and a broad appeal to assumed public policy. Chiefly, he maintains that prosecution is barred by the plain meaning of section 110, under the rule of lenity. (*See id.* at 8-9). We disagree.

> It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds. Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to immediate appeal. Since the constitutional and statutory claims asserted here are both purely matters of law, our scope of review is plenary.

---

[3] Appellant filed a statement of errors as directed by the trial court. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on May 10, 2016. *See* Pa.R.A.P. 1925(a).

***Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa. Super. 2007), *appeal denied*, 960 A.2d 835 (Pa. 2008) (citations and internal quotation marks omitted).  Similarly, "[a]s the issue before our Court raises a question of law, our standard of review is *de novo,* and our scope of review is plenary." ***Commonwealth v. Fithian***, 961 A.2d 66, 71 (Pa. 2008) (citation omitted).

An *en banc* panel of this Court has recently published an opinion, on similar facts, which decided virtually identical issues to those raised by Appellant here.  ***See Commonwealth v. Perfetto***, --- A.3d ----, 2017 Pa. Super. 281 (Pa. Super. filed August 30, 2017) (*en banc*) (concluding that prior disposition of summary traffic offense in traffic court does not bar later prosecution of other criminal charges which arose in same judicial district and at same time as summary traffic offense).  This precedential opinion controls our disposition here.

Order affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/28/2017*

- 4 -