J-S13022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAIYCHELLE ATKINSON | |
| Appellant | No. 1562 EDA 2016 |

Appeal from the Order August 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0001158-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 29, 2017**

Daiychelle Atkinson appeals from the trial court's order denying her motion to dismiss[1] based on the compulsory joinder principles of section 110 of the Crimes Code. [2]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that because "the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is . . . subject to immediate appeal."  **Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa. Super. 2007) (citations omitted).

[2] The compulsory joinder rule states, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

On January 8, 2013, Atkinson was arrested and charged with driving under the influence (DUI), 75 Pa.C.S. § 3802, as well as a violation of the Motor Vehicle Code (MVC) for disregarding a traffic device, 75 Pa.C.S. § 3111(a). On March 13, 2013, Atkinson was found guilty by the Philadelphia Traffic Court of the offense of disregarding a traffic device. No appeal was filed. The Commonwealth continued its prosecution of the DUI offense in the Criminal Trial Division in Philadelphia. On August 3, 2015, Atkinson filed a motion to dismiss the DUI offense, in the Municipal Court, pursuant to 18 Pa.C.S. § 110, the compulsory joinder rule. The Municipal Court denied Atkinson's motion to dismiss.

Atkinson filed an interlocutory appeal from that order to the Philadelphia Court of Common Pleas. On October 23, 2015, the trial court affirmed the

---

(1) **_The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for_**:

    (i)      any offense of which the defendant could have been convicted on the first prosecution.

    (ii)    **any offense based on the same conduct or arising from the same criminal episode**, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and _occurred within the same judicial district_** as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (amended 2002) (emphasis added).

- 2 -

Municipal Court's denial of Atkinson's motion to dismiss. On November 23, 2015, Atkinson filed a timely notice of appeal to this Court. She raises the following issue for our review: Did not the lower court err in denying [Atkinson]'s motion to dismiss pursuant to 18 Pa.C.S. § 110(a)(1)(ii)[,] where [Atkinson] had previously been convicted of offenses which arose from the same criminal episode in the same judicial district as the offense in the instant case?[3]

Notwithstanding the "occurred within the same judicial district" language found in section 110(1)(ii), at the time Atkinson was charged and found guilty of the MVC offense in Traffic Court, the Municipal Court lacked jurisdiction to hear both her summary and DUI offenses.[4] Simply put, the Municipal Court did not have the jurisdictional authority to adjudicate Atkinson's MVC offense. The Commonwealth had no choice but to prosecute Atkinson of the summary offense in Traffic Court where there was a jurisdictional bar precluding it from prosecuting her at that time for all offenses

---

[3] Our standard of review of issues concerning section 110 is plenary. ***Commonwealth v. Reid***, 35 A.3d 773, 776 (Pa. Super. 2012).

[4] We recognize that on June 19, 2013, the Philadelphia Traffic Court was effectively abolished when the General Assembly restructured the Philadelphia Municipal Court, now comprised of two administrative sections, the General Division and the Traffic Division. ***See*** Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court.

J-S13022-17

in one proceeding. Thus, there is no Rule 110 bar to the instant prosecution.

Accordingly, the trial court properly dismissed Atkinson's Rule 110 motion.

Order affirmed.[5]

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 9/29/2017

---

[5] Recently, in **Commonwealth v. Perfetto**, 2017 PA Super 281 (Pa. Super. filed August 30, 2017) (en banc), our full Court held that barring certain judicial exceptions, "the subsequent prosecution of an offense arising out of a criminal episode that had triggered the former prosecution of a different offense is barred where those multiple offenses occur in the same judicial district." **Id.** at *1. However, where the prosecutions occur in Philadelphia County, like in **Perfetto**, "all summary traffic offenses may be disposed of in a single proceeding in the traffic court separately from other criminal charges without violating the compulsory joinder rule." **Id.** at *13. The Perfetto Court observed that in the unique context of Philadelphia, the Supreme Court of Pennsylvania has allocated disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division. **Id.**

    **Perfetto**, however, is distinguishable because the defendant in that case was charged, prosecuted and convicted of the summary offense in Traffic Court *after* the Municipal Court was restructured and had jurisdiction to adjudicate his Title 75 summary offense. In the present case the statutory amendment did not occur until *after* Atkinson was charged, prosecuted and convicted in Traffic Court of the summary offense under section 3111(a); therefore, unlike **Perfetto**, the Commonwealth was not able to prosecute both types of offenses together in Municipal Court. **See Perfetto**, at *31 (Dubow, J., dissenting) ("once the legislature abolished Traffic Court and transferred jurisdiction of summary traffic offenses to Municipal Court, one single court had jurisdiction to adjudicate both summary and misdemeanor traffic offenses.").

- 4 -