J. S11037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN FORMAN, | : | No. 214 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 20, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003805-2014

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 26, 2019**

Kevin Forman filed this interlocutory appeal challenging the November 20, 2017 order entered in the Court of Common Pleas of Philadelphia County that denied his motion to dismiss pursuant to the compulsory joinder rule found at 18 Pa.C.S.A. § 110(1)(ii).[1]  In light of this

---

[1] With respect to our jurisdiction over this appeal,

> [i]t is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds.  Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to immediate appeal.

***Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa.Super. 2007), ***appeal denied***, 960 A.2d 835 (Pa. 2008) (internal citations and quotation marks omitted).

court's *en banc* decision in *Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa.Super. 2017) (*en banc*), *appeal granted*, 182 A.3d 435 (Pa. 2018), we affirm and remand.

The trial court set forth the following procedural history:

> Appellant was charged with Possession of a Firearm Prohibited, 18 Pa.C.S.[A.] § 6105 [(graded as a second-degree felony)], Carrying a Firearm Without a License, 18 Pa.C.S.[A.] § 6106 [(graded as a third-degree felony)], Carrying a Firearm on a Public Street, 18 Pa.C.S.[A.] § 6108 [(graded as a first-degree misdemeanor)], Knowing and Intentional Possession of a Controlled Substance, 35 P.S. § 780-113(A)(16[) (graded as a first-degree misdemeanor)], and possession of an instrument of crime, generally, 18 Pa.C.S.[A.] § 907 [(graded as a first-degree misdemeanor)]. Following [a]ppellant's apprehension, in addition to the above charges, authorities issued summary traffic tickets[2] to [a]ppellant arising out of the same incident underlying the above criminal charges. Those tickets were disposed of by [a]ppellant when he appeared before this Court.
>
> Based on the disposition of the summary traffic tickets, [a]ppellant filed a Motion to Dismiss the criminal charges. He asserted that pursuant to 18 Pa.C.S.[A.] § 110, he is entitled to a discharge of the criminal matters because of the disposition of the tickets. He claims that he is entitled to such relief because Section 110 requires that every charge arising out of the same criminal matter be tried together and therefore, because the summary traffic tickets have already been disposed of, Section 110 prohibits the Commonwealth from trying him on the above-listed criminal matters.

---

[2] The record reflects that appellant was issued one citation for careless driving in violation of 75 Pa.C.S.A. § 3714, to which he later pled guilty and received a $155 fine. (*See* appellant's "memorandum of law in support of motion to dismiss prosecution pursuant to 18 P.S. section 110," at 5 and Exhibit A.)

> On November 20, 2017, this Court denied [a]ppellant's motion after which [a]ppellant filed an interlocutory appeal. He thereafter filed a requested Pa.R.A.P. 1925(b) [s]tatement of [errors complained of on appeal].

Trial court opinion, 6/11/18 at 1-2. Subsequently, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review.

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO DISMISS THIS PROSECUTION PURSUANT TO 18 P.S. §110 WHERE THE COMMONWEALTH FAILED TO JOIN IN ONE PROSECUTION ALL OFFENSES ARISING FROM THE SAME CRIMINAL EPISODE AND OCCURRING WITHIN THE SAME JUDICIAL DISTRICT, AND WHERE THE APPELLANT WAS CHARGED AND FOUND GUILTY OF A SUMMARY TRAFFIC OFFENSE PRIOR TO THE COMMENCEMENT OF TRIAL ON THE RELATED MISDEMEANOR AND FELONY CHARGES FORMING THE BASIS FOR THE INSTANT PROSECUTION[?]

Appellant's brief at 4.

Our standard of review of issues concerning the compulsory joinder rule, 18 Pa.C.S.A. § 110, is plenary. *Commonwealth v. Reid*, 35 A.3d 773, 776 (Pa.Super. 2012). The compulsory joinder rule bars a subsequent prosecution if each of the following is met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

***Reid***, 77 A.3d at 582 (citation omitted; brackets in original).

Here, no dispute exists that appellant's prosecution on the summary traffic offense resulted in a conviction, that the prosecution on the misdemeanors and felonies would be based on the same criminal conduct or arose from the same criminal episode, and that the Commonwealth knew of the misdemeanor and felony charges before the summary trial. In light of this court's decision in ***Perfetto***, however, appellant fails to satisfy the fourth ***Reid*** test prong.

In ***Perfetto***, this court held that where a defendant's summary traffic offense was to be heard solely in the Philadelphia Municipal Court Traffic Division pursuant to its jurisdiction in accordance with 42 Pa.C.S.A. § 1302(a.1)(1)(i), a prior disposition of that summary traffic offense in traffic court does not bar a later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense because Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. Consequently, appellant's subsequent prosecution on the misdemeanor and felony charges is not barred by compulsory joinder.

In his brief, appellant contends that this court "wrongly decided" ***Perfetto***. (Appellant's brief at 6, 14.) Until our supreme court overrules our decision in ***Perfetto***, however, it is the law of this Commonwealth. ***See Commonwealth v. Forbes***, 867 A.2d 1268, 1279 (Pa.Super. 2005)

(reiterating that "[i]t is well settled . . . that until the Supreme Court overrules a decision of this Court, our decision is the law of the Commonwealth." (citations omitted)).

Order affirmed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/19