J-A11002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT TRAVER | : | |
| | : | |
| Appellant | : | No. 1722 MDA 2019 |

Appeal from the Order Entered October 10, 2019
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000283-2018

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: MAY 20, 2020**

Herbert Traver appeals from the October 10, 2019 order denying his motion to dismiss the charges against him and bar retrial on double jeopardy grounds.[1] Traver contends the Commonwealth committed prosecutorial misconduct with the intent to force a mistrial or prejudice his right to a fair trial. After review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] While an order denying a motion to dismiss on double jeopardy grounds is technically interlocutory, it is appealable as of right as long as the trial court certifies the motion as non-frivolous. **See** Pa.R.Crim.P. 587(B)(6); **Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa. Super. 2007). The trial court found Traver's motion non-frivolous. **See** Trial Court Order, 10/10/2019. Thus, this appeal is properly before us.

The facts underlying Traver's conviction are not germane to the disposition of the instant appeal, however a brief summary of the facts and procedural history follows in order to provide context to the prosecutorial misconduct claims.

In June of 2018, a criminal complaint was filed against Traver charging him with one count of rape, one count of corruption of minors, and two counts of indecent assault regarding allegations of sexual assault involving D.R., his step-granddaughter (the "Victim").

Following a preliminary hearing, all charges were held over for court. An Information was filed, and thereafter an amended Information was filed charging Traver with rape of a child, corruption of minors, and two counts of indecent assault.

On May 20, 21, and 22, 2019, a jury trial was held. The Commonwealth witnesses called to testify were the Victim, age seventeen at the time of trial, her brother, the principal investigating officer and a psychologist who testified as an expert witness as to reasons for a delay in reporting complaints of sexual abuse by child victims. In response, the defense called seven witnesses, including family members, friends, and Traver's primary care physician and optometrist. In addition, Traver testified on his own behalf.

On cross-examination, the following exchange occurred between counsel for the Commonwealth and Traver:

> Q. Good afternoon, sir. The things you just testified to, you never touched [the Victim's] breasts, you never touched her vagina, and

you never had sexual intercourse with her, when you were contacted by [the trooper] in February 2016, you never told him that, did you?

A. He never asked me if I ever touched her.

Q. Because you never called him back, did you?

N.T., 5/22/2019, at 611. Defense counsel objected and requested a sidebar. The objection was lodged and a motion for mistrial was made. In response, counsel for the Commonwealth provided the court with case law to support its position that when a defendant elects to testify, a prosecutor may make reference to the defendant's pre-arrest silence for purposes of impeachment. *See id*. at 613-614 (citing to *Commonwealth v. Kuder*, 62 A.3d 1038 (Pa. Super. 2013), *Commonwealth v. Fischere*, 70 A.3d 1270 (Pa. Super. 2013), *Commonwealth v. DiNicola*, 866 A.2d 329 (Pa. 2005), and *Commonwealth v. Bolus*, 680 A.2d 839 (Pa. 1996)). The trial court granted the motion and a mistrial was declared. The matter was rescheduled for jury trial to commence on October 21, 2019. Traver subsequently filed a motion to dismiss on double jeopardy grounds. The Commonwealth filed a response.

On October 7, 2019, oral argument was heard on the motion. Counsel for the Commonwealth denied any intent to cause a mistrial by asking Traver about his pre-arrest silence. *See* N.T., 10/7/2019, at 9-10. He stated that his questioning was a good faith action based on his reading of the law. *See id*. at 16.

On October 10, 2019, the trial court denied Traver's motion to dismiss. The trial court found that a mistrial was necessary because the court believed that the questions posed to Traver on cross-examination may have had the effect of biasing the jury. *See* Trial Court Opinion, 10/10/2019, at 6. However, the trial court concluded that the protection of double jeopardy was not warranted here, as it found no evidence of intentional prosecutorial misconduct in the cross-examination questioning. *See id.* The trial court stated its order was immediately appealable. Traver subsequently filed this timely appeal.

On appeal, Traver contends the trial court erred in failing to dismiss the charges against him on double jeopardy grounds.

> An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:
>
> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Graham*, 109 A.3d 733, 736 (Pa. Super. 2015) (citation omitted).

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution

prohibit retrial where prosecutorial misconduct during trial provokes a criminal defendant into moving for a mistrial. ***See Oregon v. Kennedy***, 456 U.S. 667, 679 (1982); ***see also Commonwealth v. Simons***, 522 A.2d 537, 540 (Pa. 1987). However, Article 1, § 10 of the Pennsylvania Constitution offers broader protection than its federal counterpart in that

> the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

***Commonwealth v. Smith***, 615 A.2d 321, 325 (Pa. 1992). "An error by a prosecutor does not deprive the defendant of a fair trial. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied." ***Graham***, 109 A.3d at 736.

Pennsylvania has adopted a strict remedy for intentional prosecutorial misconduct:

> [U]nder Pennsylvania jurisprudence, it is the intentionality behind the Commonwealth's subversion of the court process, not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial. Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial.

***Id***. (citation omitted).

Traver asserts the Commonwealth's conduct was calculated to provoke him into moving for a mistrial, and to deny him a fair trial by prejudicing the

- 5 -

jury. Our review of Traver's assertions in his motion to dismiss and his claims in his appellate brief has revealed no instance where Traver produced actual evidence of either assertion. Instead, he mischaracterizes the prosecutor's use of case law to support his position as an attempt to subvert the court process. Specifically, he argues that the fact the prosecutor had case law immediately available for the judge at the side bar conference to address the motion for mistrial was not mere error, but rather showed an intentional attempt to cause a mistrial and deny him a fair trial by prejudicing the jury. We disagree. Having relevant case law available is not an intentional attempt to subvert the court process. Rather, it is counsel's job to be prepared for court and to anticipate potential adverse arguments, and be prepared to argue against them.

Aside from his focus on the prosecutor's preparation for the argument, Traver provides no proof that the Commonwealth gained an advantage by questioning Traver about not calling the officer back.[2] Indeed, as punishment

_____

[2] In his appellate brief, Traver additionally contends the Commonwealth was clearly attempting to mislead the jury with a known falsehood because at the time of the cross-examination the Commonwealth was fully aware that the Trooper's call had been returned by Traver's counsel. To support this contention, Traver references discovery provided to the Commonwealth regarding communication between the Trooper and Traver's public defender. However, Traver fails to cite to the record for this contention and our review of the record does not reveal any evidence supporting this allegation. It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (en banc). "When a claim is dependent on materials not provided in the certified record, that claim is considered waived." *Commonwealth v. Petroll*, 696 A.2d 817, 836 (Pa. Super. 1997) (citation

for doing so, the Commonwealth must retry the case. Unless the record itself indicates a relevant motive, we will affirm the action of the trial judge absent an abuse of discretion. While Traver is entitled to speculate that the prosecutor offered his questions to cause a mistrial or prejudice the jury, the record gives no firm support to this or any other theory. In the absence of any evidence that the Commonwealth *intentionally* asked the cross-examination question to provoke a mistrial, we must affirm the trial court's order denying Traver's motion for a dismissal.

 Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/20/2020

---

omitted). As a result, Traver has waived the argument that the Commonwealth intentionally misled the jury.