J-A11002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT TRAVER | : | |
| | : | |
| Appellant | : | No. 1722 MDA 2019 |

Appeal from the Order Entered October 10, 2019
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000283-2018

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 21, 2020**

Herbert Traver appeals from the order denying his motion to dismiss the charges against him and bar retrial on double jeopardy grounds.[1] After review, we vacate the order and remand for consideration of the Pennsylvania Supreme Court's recent decision in **_Commonwealth v. Johnson_**, ＿＿＿ A.3d.＿＿, 40 EAP 2018 (Pa., filed May 19, 2020) ("**_Johnson (Pa.)_**").

In June of 2018, a criminal complaint was filed against Traver charging him with one count of rape, one count of corruption of minors, and two counts

---

[*] Former Justice specially assigned to the Superior Court.

[1] While an order denying a motion to dismiss on double jeopardy grounds is technically interlocutory, it is appealable as of right as long as the trial court certifies the motion as non-frivolous. **_See_** Pa.R.Crim.P. 587(B)(6); **_Commonwealth v. Barber_**, 940 A.2d 369, 376 (Pa. Super. 2007). The trial court found Traver's motion non-frivolous. **_See_** Trial Court Order, 10/10/2019. Thus, this appeal is properly before us.

of indecent assault regarding allegations of sexual assault involving D.R., his step-granddaughter (the "Victim").

Following a preliminary hearing, all charges were held over for court. An Information was filed, and thereafter an amended Information was filed charging Traver with rape of a child, corruption of minors, and two counts of indecent assault.

In May of 2019, a jury trial was held. The Commonwealth witnesses called to testify were the Victim, age seventeen at the time of trial, her brother, the principal investigating officer and a psychologist who testified as an expert witness as to reasons for a delay in reporting complaints of sexual abuse by child victims. In response, the defense called seven witnesses, including family members, friends, and Traver's primary care physician and optometrist. In addition, Traver testified on his own behalf.

On cross-examination, the following exchange occurred between counsel for the Commonwealth and Traver:

> Q. Good afternoon, sir. The things you just testified to, you never touched [the Victim's] breasts, you never touched her vagina, and you never had sexual intercourse with her, when you were contacted by [the trooper] in February 2016, you never told him that, did you?
>
> A. He never asked me if I ever touched her.
>
> Q. Because you never called him back, did you?

N.T., 5/22/2019, at 611. Defense counsel objected and requested a sidebar. The objection was lodged and a motion for mistrial was made. In response,

counsel for the Commonwealth provided the court with case law to support its position that when a defendant elects to testify, a prosecutor may make reference to the defendant's pre-arrest silence for purposes of impeachment. *See id*. at 613-614 (citing to ***Commonwealth v. Kuder***, 62 A.3d 1038 (Pa. Super. 2013), ***Commonwealth v. Fischere***, 70 A.3d 1270 (Pa. Super. 2013), ***Commonwealth v. DiNicola***, 866 A.2d 329 (Pa. 2005), and ***Commonwealth v. Bolus***, 680 A.2d 839 (Pa. 1996)). The trial court granted the motion and a mistrial was declared. The matter was rescheduled for jury trial to commence on October 21, 2019. Traver subsequently filed a motion to dismiss on double jeopardy grounds. The Commonwealth filed a response.

On October 7, 2019, oral argument was heard on the motion. Counsel for the Commonwealth denied any intent to cause a mistrial by asking Traver about his pre-arrest silence. ***See*** N.T., 10/7/2019, at 9-10. He stated that his questioning was a good faith action based on his reading of the law. ***See id***. at 16.

On October 10, 2019, the trial court denied Traver's motion to dismiss. The trial court found that a mistrial was necessary because the court believed that the questions posed to Traver on cross-examination may have had the effect of biasing the jury. ***See*** Trial Court Opinion, 10/10/2019, at 6. However, the trial court concluded that the protection of double jeopardy was not warranted here, as it found no evidence of intentional prosecutorial misconduct in the cross-examination questioning. ***See id.*** The trial court

- 3 -

stated its order was immediately appealable. Traver subsequently filed this timely appeal.

On appeal, Traver contends the trial court erred in failing to dismiss the charges against him on double jeopardy grounds.

> An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:
>
> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Graham*, 109 A.3d 733, 736 (Pa. Super. 2015) (citation omitted).

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution prohibit retrial where prosecutorial misconduct during trial provokes a criminal defendant into moving for a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667, 679 (1982); *see also Commonwealth v. Simons*, 522 A.2d 537, 540 (Pa. 1987). However, Article 1, § 10 of the Pennsylvania Constitution offers broader protection than its federal counterpart in that

> the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for

- 4 -

a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

***Commonwealth v. Smith***, 615 A.2d 321, 325 (Pa. 1992).

Further, our Supreme Court has recently held that in addition to the behavior described in ***Smith***, prosecutorial overreaching[2] sufficient to invoke double jeopardy protections under Article 1, § 10 of the Pennsylvania Constitution includes reckless misconduct which deprives the defendant of a

_____

[2] Prior to ***Kennedy***, the limiting principle was expressed in terms of prosecutorial overreaching – that is, misconduct intended to provoke a defense motion for a mistrial or actions otherwise taken in bad faith to harass or unfairly prejudice the defendant. ***See Lee v. United States***, 432 U.S. 23, 34 (1977); ***see also Commonwealth v. Starks***, 416 A.2d 498, 500 (Pa. 1980).

In ***Kennedy***, the United States Supreme Court disapproved further use of the "overreaching" test, and instead held the Fifth Amendment immunizes the defendant from retrial only where the government's actions were "intended to 'goad' the defendant into moving for a mistrial." ***Id***. at 675-676. In ***Simons***, the Pennsylvania Supreme Court adopted the ***Kennedy*** rule, and found double jeopardy only attached to those mistrials which had been *intentionally* caused by prosecutorial misconduct. ***Simons***, 522 A.2d at 540.

Subsequently, in ***Smith***, our Supreme Court construed Pennsylvania's double-jeopardy provision as supplying broader protections than its federal counterpart, and returned to the pre-***Kennedy*** "overreaching" test. ***Smith*** was grounded on the distinction between mere error and overreaching, as set forth in ***Starks***. ***See Smith***, 615 A.2d at 324. ***Starks*** conveyed that, whereas prosecutorial errors are an "inevitable part of the trial process," prosecutorial overreaching is not. ***Starks***, 416 A.2d at 500.

Our Supreme Court has concluded that although it departed from the Fifth Amendment in the wake of the ***Kennedy*** decision, it never disavowed the "overreaching" prerequisite, which is firmly entrenched in case precedent both pre- and post-***Kennedy***. ***See Johnson (Pa.)***.

fair trial. ***See Johnson (Pa.)***. Therefore, the type of misconduct which qualifies as overreaching under our state constitution encompasses governmental errors that occur absent a specific intent to deny a defendant his constitutional rights. ***See id***.

We can find no error in the trial court's finding that there is no evidence that the Commonwealth *intentionally* asked the cross-examination question to provoke a mistrial. However, as the trial court did not have the opportunity to consider whether the prosecutor's actions constituted reckless behavior, such as to qualify as overreaching under our state constitution, we nevertheless vacate the order, and remand for consideration of our Supreme Court's decision in ***Johnson (Pa.)***.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/21/2020