J. S63038/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
PATRICK EUGENE STOKES, : No. 551 WDA 2017
:
Appellant :

Appeal from the Order, March 15, 2017,
in the Court of Common Pleas of Crawford County
Criminal Division at No. CP-20-CR-0000828-2016

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED OCTOBER 25, 2017

Patrick Eugene Stokes appeals from the March 15, 2017 order denying his motion to dismiss based on double jeopardy grounds.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> [Appellant] had been charged in three counts with making terroristic threats (graded as a first degree misdemeanor), harassment, and disorderly conduct stemming from an encounter in the Courthouse with his son's mother (hereinafter referred to as the "Victim") on July 28, 2016.[Footnote 1]  They had just attended a custody hearing to determine whether he posed a threat to the boy and whether counseling was needed, in light of his recent conviction for endangering the child's welfare.[Footnote 2]  His trial commenced on January 11, 2017,[Footnote 3] and after the

Commonwealth rested its case, [appellant] testified on his own behalf.

> [Footnote 1] The Information was amended following trial, in the expectation that [appellant] would enter a plea, to substitute for terroristic threats, 18 Pa.C.S.A. § 2708(a)(1), [for] the third degree misdemeanor offense of harassment, id. §§ 2709(a)(4), (c)(2). The other two charges were graded as summary offenses. Id. §§ 2709(a)(3), (c)(1), 5503(a)(3), (b).

> [Footnote 2] Case No. CR 1224-2015, in which [appellant] had ple[d] guilty on June 9, 2016, and was awaiting sentencing. See 23 Pa.C.S.A. § 5329 ("Consideration of criminal conviction" in custody actions).

> [Footnote 3] Although [appellant] had requested a bench trial, the Commonwealth imposed its right to a trial by jury on the misdemeanor charge.

During cross-examination, [appellant] was asked [by Assistant District Attorney Andrew Natalo (hereinafter "A.D.A. Natalo")] whether the hearing had occurred "out of the blue," and answered, "No, sir. It was a determination to see if I was a danger to my child's life or if I was harmed -- if I could harm him, I guess." The trial was halted and a mistrial declared when he was next asked, "I guess what would have brought that on?" and his answer was, "I had criminal charges . . . ."

[Appellant] filed his motion [to dismiss] on January 23, 2017, and on January 27, 2017, [the trial court] ordered him to file a brief ten business days prior to the date on which it was to be argued; the Commonwealth was directed to file a reply brief. [Appellant's] counsel apologetically submitted a brief on March 3, 2017, the day that the [trial c]ourt

> heard argument on the motion. The Commonwealth had, nevertheless, filed a brief in opposition to the motion a week earlier, on February 24, 2017.

Trial court opinion, 3/15/17 at 1-2 (citations to notes of testimony omitted; internal quotation marks in original).

Thereafter, on March 15, 2017, the trial court filed an order and opinion denying appellant's motion to dismiss. On March 30, 2017, appellant filed a timely notice of appeal challenging the trial court's refusal to grant his request for dismissal and bar a second trial. The record reflects that the trial court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Nonetheless, on April 20, 2017, the trial court filed a Rule 1925(a) opinion, indicating that it was relying on the reasoning set forth in its March 15, 2017 memorandum.

Appellant raises the following issue for our review:

> Should the retrial of [appellant] be barred by the Fifth Amendment of the United States Constitution and Article 1 Section 10 of the Pennsylvania Constitution because the Prosecution deliberately elicited testimony from [a]ppellant regarding his prior conviction after being admonished not to proceed with the line of questioning, which resulted in a mistrial?

Appellant's brief at 4.

We begin by observing that an order denying a motion to dismiss charges based on double jeopardy is interlocutory but appealable as of right. Commonwealth v. Barber, 940 A.2d 369, 376 (Pa.Super. 2007) (stating,

"[i]t is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds."), appeal denied, 960 A.2d 835 (Pa. 2008); see also Commonwealth v. Orie, 22 A.3d 1021, 1023-1024 (Pa. 2011) (holding that an appeal from a pre-trial order denying double jeopardy protection is final and appealable). "An appeal grounded in double jeopardy raises a question of constitutional law." Commonwealth v. Taylor, 120 A.3d 1017, 1020 (Pa.Super. 2015) (citation omitted). "This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo." Id.[1]

Instantly, appellant contends that A.D.A. Natalo intentionally cross-examined him with regard to his prior convictions[2] and that such conduct amounted to prosecutorial misconduct. (Appellant's brief at 5-6.) Appellant invokes the protection of both the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10

---

[1] Clearly, the trial court in this matter denied appellant's motion to dimiss on its merits and not as frivolous.

[2] Appellant pled guilty to endangering the welfare of children, fleeing or attempting to elude a police officer, and the summary offense of operating a vehicle without the required financial responsibility on June 19, 2016. See 18 Pa.C.S.A. § 4304(a), 75 Pa.C.S.A. §§ 3733(a) and 1786, respectively. These convictions arose out of an incident that occurred on December 11, 2015, when appellant fled from police with his three-year-old child in the backseat after police attempted to stop him for driving without a valid inspection sticker.

of the Pennsylvania Constitution,[3] and maintains that the appropriate remedy is the preclusion of a new trial on double jeopardy grounds. (Id. at 7.) For the following reasons, we disagree.

In Commonwealth v. Smith, 615 A.2d 321 (Pa. 1992), our supreme court examined the protection of the Double Jeopardy Clause in a case involving prosecutorial misconduct pursuant to the standard set forth in Oregon v. Kennedy, 456 U.S. 667 (1982). In Smith, our supreme court broadened the double jeopardy protection provided by the federal courts and United States Constitution, which requires the prosecution to have intentionally caused a mistrial through misconduct. Specifically, the Smith court stated that,

> the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

Smith, 615 A.2d at 325. Because the court determined that the prosecutor intended to prejudice the defendant and deprive him of a fair trial, it found

---

[3] The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb [.]" U.S. Const. Amend. V. Similarly, Article I, § 10 of the Pennsylvania Constitution provides that "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. Art. I, § 10.

that his double jeopardy rights would be violated if he faced a new trial and discharged him. (Id.)

Several years later in Commonwealth v. Martorano, 741 A.2d 1221 (Pa. 1999), the defendants were awarded a new trial based upon prosecutorial misconduct. On remand, the trial court denied the defendants' motion to dismiss on double jeopardy grounds, but a panel of this court reversed. Relying on Smith, our supreme court held that pervasive prosecutorial misconduct throughout the proceedings demonstrated the prosecutor's intent to deprive the defendants of a fair trial and that double jeopardy barred their retrial. In Martorano, our supreme court amplified the Smith standard and held that double jeopardy barred retrial of the defendants where the prosecutor:

> acted in bad faith throughout the trial, consistently making reference to evidence that the trial court had ruled inadmissible, continually def[ied] the trial court's rulings on objections and . . . repeatedly insist[ed] that there was fingerprint evidence linking [the defendants] to the crime when the prosecutor knew for a fact that no such evidence existed.

Martorano, 741 A.2d at 1223.

More recently, in Commonwealth v. Minnis, 83 A.3d 1047 (Pa.Super. 2014), a panel of this court reiterated that Martorano stands for the proposition that, "where the defendant alleges prosecutorial misconduct as a basis for double jeopardy protection, the outcome depends on the nature of the alleged misconduct." Minnis, 83 A.3d at 1052 (emphasis

added). For prosecutorial misconduct to prohibit retrial on double jeopardy grounds, the prosecutor's conduct must be both egregious and pervasive. Id. at 1052-1053. The Commonwealth can "therefore engage in misconduct that warrants a new trial but is not sufficiently egregious to bar mistrial on double jeopardy grounds." Id. at 1053 n.5 (internal citation omitted).

In the instant matter, we find that appellant's contention that A.D.A. Natalo intentionally provoked appellant into moving for a mistrial, such that his retrial should be barred on double jeopardy grounds, is belied by the record. Similar to Minnis, the trial court concluded that mistrial was warranted in this case but that it did not believe that A.D.A. Natalo's conduct was so egregious as to bar retrying appellant. Specifically, the trial court stated as follows:

> A.D.A. Natalo was advised not to inquire into the reason for the custody hearing, and yet persisted. [Notes of testimony, 1/11/17 at 43] ("You can't ask about the conviction, but you can address why ["Mother/Victim"] was absent from the child's life."). By pursuing this line of inquiry, he thus engaged in deliberate misconduct which caused a mistrial. Subjectively, however, it does not appear that he intended to provoke [appellant] into moving for a mistrial because he based his challenge to the motion upon the propriety of his conduct (which he continues to assert). [Id. at 50-52; Commonwealth's brief at] 5-8. His lack of desire to obtain a retrial may be inferred on an objective basis as well, in that he anticipated that this line of questioning would be objectionable and attempted to obtain a ruling in advance. [Notes of testimony, 1/11/17 at 44] ("I don't want to cause a mistrial when I ask him why he was there for a custody hearing."). A prosecutor seeking a mistrial would

not disclose that desire with such an expression of uncertainty and concern. The prosecutorial misconduct in this case, therefore, does not prohibit retrial.

A.D.A. Natalo mistook our instruction to be a license to proceed in the manner he did unless and until defense counsel lodged an objection, which came perhaps a bit belatedly. See [Commonwealth's brief at] 5 ("The Commonwealth's first argument against dismissal is based [up]on the [trial c]ourt's actual ruling . . . that cross-examination would have to commence in order to see what was objectionable and what was not.") His misconduct is thus not of the blatant variety justifying the dismissal of charges. See Commonwealth v. Burke, [781 A.2d 1136, 1144-1145 (Pa. 2001)] ("Because of the compelling societal interest in prosecuting criminal defendants to conclusion, . . . dismissal of charges is an extreme sanction that should be imposed sparingly and . . . only in cases of blatant prosecutorial misconduct.").

Trial court opinion, 3/15/17 at 5-6 (case citations and citations to notes of testimony amended; footnotes omitted).

Based upon our review of the record in this matter, we discern no error on the part of the trial court in reaching this conclusion. We agree that A.D.A. Natalo's conduct, while reckless, did not rise to the level of having been committed with the intent to provoke appellant into seeking a mistrial. At most, the record demonstrates that A.D.A. Natalo misapprehended the trial court's ruling about appellant's prior conviction, and the trial court, in an abundance of caution, granted a mistrial. This is not the type of pervasive misconduct that this court found to bar retrial in Smith and Martorano. See, e.g., Commonwealth v. Basemore, 875 A.2d 350, 356

(Pa.Super. 2005) (finding no support in either Smith or Martorano "for the idea that either grossly negligent or reckless conduct by a prosecutor implicates double jeopardy concerns."), appeal denied, 895 A.2d 548 (Pa. 2006). Accordingly, appellant's claim that this case should be dismissed on double jeopardy grounds must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017